**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JANE DOE, TOBY CROSS, ARTHUR LOPEZ, individually and on behalf of all other similarly situated individuals,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>COMPACT INFORMATION SYSTEMS, a Washington corporation, DATA SOLUTIONS OF AMERICA, INC., a Florida corporation, ELIZABETH M. BLANK, a Florida individual, ENDURANCE WARRANTY SERVICES, L.L.C., an Illinois limited liability company, KMB STATISTICS, LLC, a Florida corporation, and Doe Individuals and Corporations 1-100 inclusive,<br>　　　　Defendants. | § § § § § § § § § § § § § § § § § § § § § | Case No. 3:13-cv-5013-M |

**DEFENDANT ENDURANCE WARRANTY SERVICES, L.L.C.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND FOR FAILURE TO STATE A CLAIM**

Defendant Endurance Warranty Services, L.L.C., an Illinois limited liability company ("Endurance"), files this Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim, and would respectfully show the Court as follows:

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1.　　Endurance files this Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). As shown by the Declaration of Paul Chernawsky attached to this Motion and as further discussed in its Brief in Support of its Motion to Dismiss for Lack of Personal Jurisdiction and For Failure to State a Claim, this Court's exercise of

personal jurisdiction over Imperial would violate the Due Process Clause of the Fourteenth Amendment. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 1002-04 (1987).

2. Endurance has insufficient contacts with the State of Texas and maintenance of this suit in Texas would offend traditional notions of fair play and substantial justice. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980). Before a forum may exercise personal jurisdiction over a non-resident defendant, the nonresident defendant's activities must have been "purposefully directed" to the forum and the litigation must result from alleged wrongdoings that "arise out of or relate to" those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The nonresident defendant must purposefully avail itself of the privileges and benefits of the forum. *Id.* This "purposeful availment" requirement ensures a corporate defendant will not be haled into a jurisdiction solely as a result of "random, fortuitous or attenuated" contacts. *Id.* at 475.

3. Endurance does not have minimum contacts with Texas sufficient for this Court to exercise specific personal jurisdiction over it. Endurance has not purposefully availed itself of the privileges and benefits of the State of Texas. The Complaint is bereft of any allegation that Endurance contracted with, or committed a tort against, any of the named Plaintiffs in the State of Texas.

4. Furthermore, it would offend traditional notions of fair play and substantial justice for this Court to assume jurisdiction over Endurance. Public policy [and Plaintiff's interest in obtaining efficient, convenient, and effective relief] is advanced if the Court declines to exercise personal jurisdiction over Imperial under the particular circumstances of this case. *Burger King*, 471 U.S. at 477-78.

5. Likewise, Endurance is not subject to the general jurisdiction of courts in Texas. In order to establish general jurisdiction, the nonresident must have "continuous and systematic contacts" with the forum unrelated to the litigation. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). The "continuous and systematic contacts test is a difficult one for a plaintiff to meet, requiring *extensive contacts* between a defendant and a forum." *Submersible Sys. v. Perforadora Central*, 249 F.3d 413, 419 (5th Cir. 2001) (emphasis added). Endurance has had no contacts with the State of Texas that were sufficiently "continuous and systematic" to justify the exercise of general jurisdiction. *BHP de Venezuela, C.A. v. Casteig*, 994 S.W.2d 321, 327 (Tex. App.—Corpus Christi 1999, pet. denied).

6. Endurance, a limited liability company organized under the laws of Illinois with its office in that state, does not maintain any offices, sales staff, business phone numbers, bank accounts, records, licenses or registered agent in the State of Texas.

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

7. Endurance also files this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

8. Plaintiffs have sued Endurance for an alleged violation of the Driver's Privacy Protection Act, 18 U.S.C. § 2721 *et seq*. ("DPPA"), and for violating similar state laws in 50 listed states, as well as for common law breach of bailment, common law conversion, common law invasion of privacy and seclusion and disclosure of private facts, common law negligence, common law trespass to personal property/chattels and common law unjust enrichment stemming from the alleged DPPA violation.

9. Despite the extreme prolixity of their Second Amended Complaint, Plaintiffs have failed to allege plausible claims that Endurance breached the DPPA or similar state statutes.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 540 U.S. 544, 570 (2007).

10. Since Plaintiffs have failed to allege any plausible claim that Endurance breached the DPPA, they have also failed to state any common law claims.

11. All Counts of the Second Amended Complaint should therefore be dismissed with prejudice as to Endurance for failure to state any claim upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant, Endurance Warranty Services, L.L.P., respectfully requests that this Court:

1. Find that *in personam* jurisdiction cannot be constitutionally exercised over it in Texas;

2. Find that Plaintiffs fail to state claims against it for violation of the Driver's Privacy Protection Act or under state statutory or common law;

3. Enter an order granting its Motion to Dismiss and dismissing Endurance with prejudice from this suit; and,

4. Grant such other and further relief as is equitable and just.

Respectfully submitted,

*/s/ Melissa A. Dorman*_____
**MELISSA A. DORMAN**
State Bar No. 00790603
**HARTLINE DACUS BARGER DREYER LLP**
6688 N. Central Expy., Suite 1000
Dallas, Texas 75206
(214) 369-2100 telephone
(214) 267-4271 direct fax


John L. Ropiequet
Steven N. Malitz
Applications to Appear Pro Hac Vice Pending
**ARNSTEIN & LEHR LLP**
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100 telephone
(312) 876-0288 fax

**ATTORNEYS FOR ENDURANCE WARRANTY SERVICES, L.L.C.**

## CERTIFICATE OF SERVICE

On this the 20th day of February, 2014, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

*/s/ Melissa A. Dorman*_____
Melissa A. Dorman