## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| JANE DOE, TOBY CROSS, ARTHUR LOPEZ, Individually and on behalf of a class of similarly situated individuals,<br><br>     Plaintiffs,<br><br> V.<br><br>COMPACT INFORMATION SYSTEMS, a Washington Corporation; DATA SOLUTIONS OF AMERICA INC., a Florida Corporation; ELIZABETH M. BLANK, a Florida individual, ENDURANCE WARRANTY SERVICES, L.L.C., an Illinois Limited Liability Company; KMB STATISTIC, L.L.C., a Florida Corporation; and Doe Individuals and Corporations 1-100 Inclusive,<br><br>     Defendants. | Case No. 3:13-cv-5013-M |

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2) and (6)**

---

Joseph H. Malley (TX 12865900)
**LAW OFFICE OF JOSEPH H. MALLEY, P.C.**
1045 N. Zang Boulevard
Dallas, Texas 75208
(214) 943-6100
malleylaw@gmail.com

Attorney for Plaintiffs, individually and on
behalf of Class of similarly situated individuals

# TABLE OF CONTENTS

Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss ..................1

Statement of the issues to be Decided ......................................................................1

Preliminary Statement ........................................................................................1

Statement of Facts ............................................................................................3

Argument ......................................................................................................4

   A. Personal Jurisdiction over Defendant Endurance Warranty Services, LLC, in this Forum
   is Proper .....................................................................................................4

     1. Standard of Review ....................................................................................4

     2. Legal Standard .........................................................................................5

     3. Analysis ................................................................................................8

      a. Defendant Endurance Established Minimum Contacts in Texas to Confer Specific
      Jurisdiction in Texas .....................................................................................8

      b. Exercising Jurisdiction Over Defendant Endurance Would Not Offend
      Traditional Notions of Fair Play and Substantial Justice ...........................................13

   B. Plaintiffs Have Sufficiently Alleged Facts to Support their Claims Upon Which Relief can
   be Granted ...................................................................................................15

     1. Standard of Review and Legal Standard ..........................................................15

     2. Analysis ...............................................................................................17

      a. Plaintiffs' Second Amended Complaint Provides Sufficient Facts to State a Claim to
      Relief That is Plausible on its Face Under DPPA Against Endurance .........................17

      b. Plaintiffs' Second Amended Complaint Provides Sufficient Facts to State a Claim to
      Relief that is Plausible on its Face Under Count II Against Endurance ........................20

      c. Defendant Endurance Does Not Deny That Sufficient Facts Exist to State a Claim
      Upon Which Relief Can Be Granted as to Count III- VII ........................................22

   C. Should the Court Determine That More Facts Need to be Pleaded, Plaintiffs Should be
   Allowed to Amend ...........................................................................................23

   Conclusion....................................................................................................23

## TABLE OF AUTHORITIES

**Cases**

*Allred v. Moore & Peterson*, 117 F.3d 278, (5th Cir. 1997),.......................................................... 4

*Am. Type Culture Collection, Inc. v. Coleman*, 83 S.w.3d 801 (Tex. 2002) .................................. 6

*Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, S. Ct. 1026, 1033, 94 L. Ed. 2d 92
2d 92 (1987)............................................................................................................................ 6, 8

*Ashcraft v. Iqbal*, 129 S. Ct. 1937 (2009) .................................................................................... 16

*Barber v. Motor Vessel "Blue Cat,"* 372 F2d 626 (5th Cir. 1967)). ........................................... 15

*Bearry v. Beech Aircraft Corp.*, 818 F.2d 370 (5th Cir. 1987)...................................................... 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) ...................................... 16

*Bullion v. Gillespie*, 895 F.2d 213 (5th Cir. 1990) ................................................................... 5, 8

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76, 105 S. Ct. 2174, 85 Led. 2d 528 (1985)
.................................................................................................................................................... 6

*Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984)* .................................... 7

*Capital Parks, Inc. v. Southeastern Adver. And Sales Sys., Inc.,* 30 F.3d 627 (5th Cir. 1994) .... 15

*Colwell Realty Investments v. Triple T Inns*, 785 F.2d 1330 (5th Cir 1986) ............................... 6

*Conley v. Gibson,* 355 U.S. 41 (1957) ......................................................................................... 16

*Cowan v. Codelia*, No. 98 Civ. 5548, 1999 WL 1029729(JGK), at *8 (S.D.N.Y. Nov. 10, 1999)
.................................................................................................................................................. 20

*Cuvillier v. Sullivan*, 503 F.3d 397 (5th Cir. 2007) ..................................................................... 16

*D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F. 2d 542 (5th Cir.
1985) ............................................................................................................................................ 5

Driver's Privacy Protection Act 2724(a) ...................................................................................... 19

*Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003) ....................................... 8

*Electrosource, Inc. v. Horizon Battery Tech., Ltd.*, 176 F3d 867, 871(5th Cir. 1999) .................. 5

*Gardemal v. Westin Hotel Company*, 186 F.3d 588, (5th Cir. 1999) ............................................. 4

*Gordon v. Softech International, Inc.*, 726 F.3d 42 (2d Cir. 2013) ............................................. 19

*Graczyk v. West Publ'g Co.*, 660 F.3d 275 (7th Cir. 2011) ......................................................... 22

*Guardian Royal Exch. Assur., Ltd. v English China Clays, P.L.C.*, 815 S.W. 2d 223 (Tex 1991)

.................................................................................................................. 6, 8

*Hall v. Helicopteros Nacionales de Colombia S.A.,* 638 S.W. 870 (Tex.1882) ............................ 5

*Hanson v. Denkla*, 357 U.S. 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958) .................................. 7

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)..................................................................... 6

*International Shoe*, 326 U.S. at 316, 66 S. Ct. at 158) .................................................................. 6

*Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986)................................................................... 16

*Johnston v. Multidata Sys. Int'l Corp.*, 523 F. 3d 602 (5th Cir. 2008) ..................................... 5, 8

*Jones v. Gerninger*, 188 F.3d 322 (5th Cir. 1999) ...................................................................... 16

*Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045 (5th Cir.

1982) ........................................................................................................................................... 15

*Latshaw v. Johnston*, 167 F3d 208,211 (5th Cir. 1999).................................................................. 5

*Leffall v. Dallas Independent School District*, 28 F.3d 521 (5th Cir. 1994)............................... 16

*Luv N'care, Ltd v. Insta-Mix, Inc.,* 438 F3d 465, 468 (5th Cir. 2006) .......................................... 4

*McFadin v. Gerber*, 587 F.3d 753, 762 (5th Cir. 2009) ............................................................... 12

*Michiana Easy Livin Country, Inc. v. Holten*, 168 S.W.3d 777 (Tex. 2005) ................................ 7

*Mink v. AAAA Development LLC*, 190 F.3d 333 (5th Cir. 1999) ................................................. 12

*Norman v. Apache Corp.,* 19 F.3d 1017 (5th Cir. 1994) ............................................................... 15

*Panda Brandywine Corp v. Potomac Elec. Power Co.*, 253 F3d 865, 869 (5th Cir. 2001) ....... 5, 6

*Pichler v. UNITE*, 228 F.R.D. 230 (E.D. Pa. 2005).................................................................... 19

*Rios v. Direct Mail Express, Inc., 435 F. Supp. 2d 1199, 1204 (S.D. Fla. 2006)*....................... 19

*Schlobohm v Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)............................................................ 5

*Sonnier v. State Farm Mut. Auto. Ins. Co*., 509 F.3d 673 (5th Cir. 2007)................................... 16

*Spivey v. Robertson*, 197 F.3d 772 (5th Cir. 1999)...................................................................... 16

*Stuart v. Spademan*, 772 F2d 1185 (5th Cir. 1985) ...................................................................... 6

*Thompson v. Chrysler Motors Corporation*, 755 F.2d 1162, (5th Cir. 1985) ........................... 4, 5

*U-Anchor Adver. Inc., v. Burt*, 553 S.W.2d 760, (Tex. 1977) ...................................................... 5

*Wilson v. Belin*, 20 F.3d 644 (5th Cir.) ......................................................................................... 4

*Wisdom v. First Midwest Bank*, 167 F.3d 402 (8th Cir.1999) ..................................................... 22

**Statutes**

Federal Driver Privacy Protection Act §2721.................................................................. 3, 11, 17, 21

V.T.C.A., Transportation Code § 520, TX TRANSP §520 ........................................... 20

V.T.C.A., Occupations Code § 1304.152, TX OCC § 1304.152................................. 11

V.T.C.A., Occupations Code § 1304.1025, TX OCC § 1304.1025............................. 11

**Rules**

Fed. R. Civ. P. 12(b)(2)............................................................................. 1, 2, 13, 15, 23

Fed. R. Civ. P. 12(b)(6)............................................................................. 1, 2, 16, 23

Fed. R. Civ. P. 23(a) ......................................................................................... 3

Fed. R. Civ. P. 23(b)(1)..................................................................................... 3

Fed. R. Civ. P. 23(b)(3)..................................................................................... 3

Fed.R.Civ.P. 4(e) ............................................................................................ 5

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
ENDURANCE WARRANTY SERVICES, L.L.C.'S MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM**

COMES NOW, Plaintiffs Jane Doe, Toby Cross, and Arthur Lopez, individuals, respectfully requesting the court deny Defendant Endurance Warranty Services' motion to dismiss for lack of personal jurisdiction and for failure to state a claim, and provides the attached Plaintiffs' memorandum in support thereof.

## STATEMENT OF THE ISSUES TO BE DECIDED

1)       Whether Court's exercise of personal jurisdiction over Defendant Endurance Warranty Services is improper.

2)       Whether Plaintiffs Second Amended Complaint, as it relates to Defendant Endurance Warranty Services, sufficiently states claims upon which relief can be granted.

## PRELIMINARY STATEMENT

The Texas Department of Motor Vehicles initiated the investigation and findings, made the basis of this action. Contrary to Defendant Endurance's assertion, Plaintiff claims are not mere speculation, and are not without supporting evidence. Defendant Endurance Warranty Services, LLC activities within Texas continue to be under investigation by the State of Texas.

The key fact in this case – Defendants obtained, re-disclosed, and used Texas motor vehicle records for Direct Marketing, without express consent, is undisputed. Defendant Endurance Warranty requests this court to dismiss this lawsuit on the basis of Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

Defendant Endurance Warranty Services motion makes clear that they do not dispute obtaining, re-disclosing, and using the Texas motor vehicle records. This dispositive issue is a legal one that this court cannot declare now on a motion to dismiss without discovery, factual

1

issues dispositive of a jury. Defendant Endurance Warranty Services' defense strategy is to provide one (1) declaration in support of its motion, one with questionable inaccuracies, to support both its Fed. R. Civ. P. 12(b)(2) and 12(b)(6) motions.

Defendant Endurance Warranty Services, LLC operates with its subsidiary Endurance Dealers Service L.L.C., having the same owners, management, and sued within this complaint:

> The true names and capacities of Defendant Endurance Warranty Services, L.L.C. "whether individual, corporate, associate, director, officer, agent, its employees, officers, directors, legal representatives, heirs, assigns, successors, individual or corporate entities acting within a partnership, joint venture, trust, association, union, subsidiaries, whether wholly or partially owned, divisions, whether incorporated or not, affiliates, branches, joint ventures, franchises, operations under assumed names, websites, and entities over which it exercises supervision or control, or group of individuals associated in fact, although not a legal entity, or other legal entity, of each of the Defendants, that are the subject of this complaint." (2AC ¶2).

Such association is confirmed by owner Paul Chernawsky:

> *"We have two organizations, Endurance Warranty Services and Endurance Dealer Services. Endurance Warranty Services is our vehicle service contract seller direct-to-consumers and Endurance Dealer Services is our vehicle service contract administrator/obligor (Endurance Dealer Services administrates the claims and is obligated to pay the claims according to the contract terms). Approximately 50% of the plans Endurance Warranty Services sells direct to consumer are Endurance Dealer Services plans."*

Defendant Endurance Warranty Services, L.L.C. and Endurance Dealers Services, L.L.C. (hereinafter, collectively, known as Defendant Endurance) are clearly within the jurisdiction of this court, including, but not limited to:

- Registered an L.L.C. in the State of Texas;

- Obtained licensing in the State of Texas as a Service Contract provider;

- Maintained a registered agent in the State of Texas;

- Required to pay taxes within the State of Texas;

- Conducted Direct Marketing that was directed to the State of Texas residents;

- Maintained websites that were not passive, directed to the State of Texas residents.

Defendant Endurance Warranty Services' asks this court to do what Congress would not, turn the Driver's Privacy Protection Act § 2721 ("D.P.P.A.") into something Congress never intended, a Federal Privacy Protection statute that does not provide legal protection to consumers. Defendant Endurance's unprecedented strategy is at odds with the D.P.P.A.'s legislative history. Defendant Endurance's motion to dismiss is unsustainable as a matter of law and fact, and the cases it cites do not hold otherwise. Plaintiffs' opposition to such motions should prevail.

## STATEMENT OF FACTS

In responding to Defendant's Motion to Dismiss, Plaintiffs, for the sake of brevity, will not repeat those factual allegations and discussion, but incorporate the allegations of the Second Amended Complaint by reference in this Memorandum.

On December 27, 2013, Plaintiffs brought this consumer class action lawsuit pursuant to Fed. R. Civ. P. 23(a), (b)(1), and (b)(3), on behalf of themselves and a proposed class of similarly situated individuals, (hereafter referred to as "Class Members"). who were victims of the unfair, deceptive, and unlawful business practices, wherein their privacy and security rights were violated by Defendants, including but not limited to, Defendant Endurance Warranty Services Inc., and persons and entities  associated with Defendant Endurance Warranty Services," The basis of this action includes, but is not limited to, one or more of the following:

1) Obtain, directly or indirectly, Plaintiffs' and Class Members' Motor Vehicle Records (hereinafter referred to as MVRs"), maintained by the State Motor Vehicle Department, for purposes that violate the Driver's Privacy Protection Act (hereinafter referred to as "DPPA");

    2)  Use, process, and re-disclose, Plaintiffs' and Class Members' MVRs for purposes that violate the DPPA;

    3)  Resell Plaintiffs' and Class Members' MVRs for purposes that violate DPPA;

    4)  Purchase, directly or indirectly, Plaintiffs' and Class Members' MVRs to market and solicit Plaintiffs' and Class Members', without express consent.

## I.  <u>ARGUMENT</u>

### A.  PERSONAL JURISDICTION OVER DEFENDANT ENDURANCE WARRANTY SERVICES L.L.C., IN THIS FORUM IS PROPER

#### 1.  Standard of Review

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the Plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), cert. denied, 513 U.S. 930 (1994); *Gardemal v. Westin Hotel Company*, 186 F.3d 588, 592 (5th Cir. 1999).  If the district court chooses to decide the matter without an evidentiary hearing, the plaintiff may meet its burden by presenting a prima facie case for personal jurisdiction.  *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d at 592. The court will take the allegations of the complaint as true, except where they are controverted by opposing affidavits, and all conflicts in the facts are resolved in favor of the plaintiff.  *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d at 592.  In making its determination, the court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of recognized discovery methods.  *Allred v. Moore & Peterson*, 117 F.3d 278, 281(5th Cir. 1997), cert. denied, 522 U.S. 1048(1998); *Thompson v. Chrysler Motors Corporation*, 755 F.2d 1162, 1165 (5th Cir. 1985).

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, without an evidentiary hearing, the party seeking to invoke the jurisdiction must

make a prima facie showing of jurisdiction. See *Luv N'care, Ltd v. Insta-Mix, Inc.,* 438 F3d 465, 468 (5th Cir. 2006); *Stuart v. Spademan*, 772 F 2d 1185, 1192 (5th Cir. 1985). When the district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, a plaintiff need only establish a prima facie case of jurisdiction; proof by a preponderance of the evidence is not required. *Johnston*, 523 F. 3d at 609 *Johnson v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) In deciding whether the plaintiff has made a prima facie case, the district court may consider the content of the complaint, affidavits, interrogatories, deposition testimony, or any other recognized discovery method, not considering conclusory allegations. *Thompson v. Chrysler Motors Corp.,* 755 F2d 1162, 1165 (5th Cir. 1985); *Panda Brandywine Corp v. Potomac Elec. Power Co.*, 253 F3d 865, 869 (5th Cir. 2001).

The uncontroverted allegations in the complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) quoting *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.,* 754 F. 2d 542 (5th Cir. 1985)).

### 2.   The Legal Standard

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if the long-arm statute of the forum confers personal jurisdiction over that defendant, and the exercise of such jurisdiction by the forum is consistent with due process under the United States Constitution. *Latshaw v. Johnston*, 167 F3d 208,211 (5th Cir. 1999); *Electrosource, Inc. v. Horizon Battery Tech., Ltd.*, 176 F3d 867, 871(5th Cir. 1999) (citing *Schlobohm v Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). The federal court has personal jurisdiction over a nonresident defendant to the same extent that a state court in that forum has such jurisdiction. *Bullion v.*

*Gillespie*, 895 F.2d 213 (5th Cir. 1990); Fed.R.Civ.P. 4(e) applying state law, this court must first determine whether Texas, the forum state, could assert long-arm jurisdiction. The Texas Supreme Court has interpreted Texas' long-arm statute to reach as far as the Due Process Clause allows, *U-Anchor Adver. Inc., v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977), *Hall v. Helicopteros Nacionales de Colombia S.A.,* 638 S.W. 870, 872 (Tex.1882), revd on other grounds, 466 U.S. 408, 104 S. Ct. 1868, 80 L.Ed. 2d 404 (1984), cases governed by Texas Law, E.g. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 373 (5th Cir. 1987); *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002) Because the Texas long-arm statute confers jurisdiction to the limits of the federal constitution, the requirements of the Texas long-arm statute is satisfied if the exercise of personal jurisdiction comports with federal due process limitations. *Guardian Royal Exch. Assure., Ltd. v. English China Clays P.L.C.*, 815 S.W.2d 223 226 (Tex. 1991).

The federal constitutional test of the due process clause permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." see *Panda Brandywine Corp*; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76, 105 S. Ct. 2174, 85 Led. 2d 528 (1985).*Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102,113,107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987) ( citing *International Shoe*, 326 U.S. at 316, 66 S. Ct. at 158); *Colwell Realty Investments v. Triple T Inns*, 785 F2d 1330,1333 (5th Cir 1986); *Stuart v. Spademan*, 772 F2d 1185, 1189 (5th Cir. 1985). The Fourteenth Amendment allows a court to assert personal jurisdiction over defendants who have meaningful "contacts, ties, or relations" with the forum state. "Id at 385 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

In order for an exercise of personal jurisdiction to be consistent with due process, the nonresident must have some minimum contact with the forum which results from affirmative act on the part of the nonresident. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). In evaluating a nonresident's contacts with the forum, we must determine whether the nonresident has purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws. The defendant's conduct and connection with the forum state must be such that they would reasonably anticipate being hauled into court in the forum state. See *Hanson v. Denkla*, 357 U.S. 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958)).

Under the so-called "effects test," first formulated in *Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984)*," an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct."

If the Defendant's conduct at issue in the lawsuit does arise from or relate to the defendant's forum contacts then the plaintiff is said to be relying on "specific jurisdiction" over the defendant. If the lawsuit does not arise from or relate to the Defendant's contacts with the forum state, then the plaintiff is said to be relying on the forum "in general", thus seeking general jurisdiction over the defendant.

A contact for purposes of assessing the defendant's contact with the forum is an act manifesting purposeful availment of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its laws. *Michiana Easy Livin Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005). A contact has three characteristics:

1) stem from the defendant s own conduct, and not the unilateral activity of another party or a third person.

2) must be purposeful, as contrasted with activity that is random, isolated, or fortuitous.

3) Defendant must have sought some benefit, advantage, or profit by availing itself of the forum, thus implicitly consenting to jurisdiction there. If the nonmovant can establish minimum contacts, the burden shifts to the movant to make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice. 10 *Johnston v. Multidata Sys. Int'l Corp.*, 523 F. 3d 602, 615 (5th Cir. 2008)

If a nonresident has sufficient related or unrelated minimum contacts with the forum, then consideration must be given to whether the "fairness" prong of the jurisdictional inquiry is satisfied. *Asahi,* 480 U.S. at 105, 107 S. Ct at 1033; *Bullion* F 2d at 216. The court must then consider whether the exercise of personal jurisdiction with the forum state would nevertheless offend traditional notions of fair play and substantial justice. Factors that may be considered in the analysis: (1) The burden placed upon the defendant; (2) the forum state's interest in adjudicating the suit; (3) the interest of the plaintiff in obtaining convenient and effective relief; (4) the plaintiff's interest in obtaining efficient resolution of controversies within the interstate judicial system, and (5) the interest in advancing the State's fundamental substantive social policies. See *Guardian Royal Exch. Assur., Ltd. v English China Clays, P.L.C*., 815 S.W. 2d 223,228 (Tex 1991); *Asahi Metal indus. Co., Ltd v Superior Court*, 480 U.S. 102, 113-114, 107 S.Ct 1026, 94 L Ed. 2d 92 (1987).

### 3. Analysis

#### a. Defendant Endurance Established Minimum Contacts in Texas to Confer Specific Personal Jurisdiction in Texas

In opposition to Defendant Endurance Warranty Services motion to dismiss for lack of personal jurisdiction, Plaintiffs begin with an analysis of whether there exists a prima facie showing that Defendant Endurance Warranty Services has minimum contacts with Texas. *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003). The record before the

8

court provides evidence that Defendant Endurance Warranty Services, LLC has engaged in continuous and systematic activity within Texas.

Defendant Endurance Warranty Services is incorporated in Illinois, registering its Limited Liability Corporations in a multitude of additional states:

**Company Name: Endurance Dealer Services, LLC**
**Principal Address: 400 Skokie Blvd. Ste. #105, Northbrook, IL 60062**

| Filing State | Filing Date | File Number |
|---|---|---|
| Alabama | 7/23/2012 | 039-883 |
| Georgia | 8/1/2012 | 12062163 |
| Iowa | 8/27/2012 | 441911 |
| Maine | 5/29/2013 | 20130760FC |
| Maryland | 7/24/2012 | Z14790869 |
| Missouri | 6/3/2013 | FL1318342 |
| New Hampshire | 9/10/2012 | 677813 |
| Oregon | 9/26/2013 | 967124-93 |
| Texas | 7/23/2012 | 801629159 |
| Utah | 7/24/2012 | 8388883-0161 |
| Virginia | 8/9/2012 | T050954 |
| Wyoming | 8/14/2012 | 2012-000627479 |

Bizapedia, ENDURANCE DEALER SERVICES LLC, Data Updated September 18, 2013, http://www.bizapedia.com/us/ENDURANCE-DEALER-SERVICES-LLC.html.

Defendant Endurance Warranty Services, L.L.C. submitted a declaration in support of its motion from its owner, Paul Chernawsky, purporting to show that it doesn't have "minimum contacts" with Texas. Plaintiffs fervently reject the veracity of this declaration. Discovery shall be required to determine the veracity of some statements within this declaration, such as whether there has been travel to Texas to conduct business, or a manager, officer or employee ever present in the state of Texas, noting an inability to interpret the reference to "member." However, Plaintiffs dispute the following statements:

1. "…it enters into service contracts with them at its Northbrook office…";
2. "…never accepted any contracts in the state of Texas…";
3. "…has been in business in Northbrook, Illinois and no other location…";
4. "…not and has never been licensed to do business in the state of Texas…";

5.   "…never maintained a registered agent in the state of Texas…";
6.   "…never maintained any business records in the state of Texas…";
7.   "…does not have employees or agents who are residents of the state of Texas…";
8.   "…never performed any administrative functions in Texas…";
9.   "…never had accounting work done in the state of Texas…";
10.  "…never paid a franchise tax within the state of Texas…".

Plaintiffs dispute Defendant Endurance's claimed "non-contacts" with Texas. Plaintiffs further argue that Defendant Endurance purposely directed activities in and towards Texas which are sufficient to give rise to personal jurisdiction in this forum, including but not limited to the following:

(1) Texas Secretary of State issued Endurance Dealers Services a limited liability corporation ("L.L.C."), filing number 801629159, to conduct business within Texas on July 23, 2012, (operating within Texas during the proposed class period);

(2) Texas Secretary of State recorded an agent for service for Endurance Dealers Services L.L.C., the agent being C.T. Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201;

(3) Texas Secretary of State received a change of name or address of registered agent on December 2, 2013;

(4) Texas Secretary of State received a forfeiture of license on Defendant Endurance on February 21, 2014, one (1) day after the Defendant's 12(b) motion to dismiss was filed;

(4) Texas Comptroller of Public Accounts were payable for the Texas franchise taxes due for the period Defendant's Texas L.L.C., operated in Texas;

(5) Texas Comptroller of Public Accounts were payable for the sales, excise, and use taxes due from the Defendant's L.L.C., pursuant to the Texas Administrative Code rule 3.292, required on any sale of Texas extended auto warranties and vehicle service contracts sold in Texas;

(6) Texas Department of Licensing and Regulation ("TDLR") issued Defendant's L.L.C., a service contract provider license #639;

(7) Texas Department of Licensing and Regulation, pursuant to the Texas Occupation Code, Title 8. Regulation of Environmental and Industrial Trades, Chapter 1304, Services Contract Providers and Administrators; herein noted as the "Occupation Act", required Defendant's L.L.C. to appoint a "controlling person" as an agent of the business;

(8) Texas Department of Licensing and Regulation, pursuant to Occupation Act, sec: 1304.1025, required business records be provided, and proof of financial responsibility:

(9) Texas Department of Licensing and Regulation, pursuant to Occupation Act, sec: 1304.152 required: "an insurance policy to reimburse or pay on behalf of the provider any covered amount the provider is legally obligated to pay;

(10) Texas Department of Motor Vehicles had the motor vehicle records of Texas residents, in excess of thirty (30) million records, each containing personal identifying information ("Pii") contained within motor vehicles registration and titles of Texas residents obtained, directly or indirectly, in whole or part, by Defendant Endurance, for Direct marketing and solicitation, a violation of the Federal Driver Privacy Protection Act §2721;

(11) Texas residents were sent thousands, if not tens of thousands of solicitation letters by Defendant Endurance to directly market vehicle service contracts. Texas residents were harmed by receipt of the multitude of solicitation letters with false and misleading advertisements claiming their warranty was soon to expired, or had expired, requiring immediate action. Texas residents then completed acts within Texas to investigate the validity of these letters, such as, contacting their auto dealer, bank, manufacturer, auto warranty dealer, in addition to some making a phone call to Defendant EWS to question their access to their data which included their Texas motor vehicle car registration and title information;

11

(12) Texas residents entered into contracts with Defendant Endurance while within Texas, negotiating the terms of the agreement, negotiating the applicable terms of service and then agreeing in writing to the terms of the contract. The transaction required a "down payment" by the Texas resident, requiring a financial transaction by use of a credit card;

(13) Texas residents accessed their computers within Texas to go online and visit the Defendant's website after receiving the solicitation letters. Some Plaintiffs were misled by the solicitation letter and used the website to purchase a contract. Defendant's website was not a "passive" website. *McFadin v. Gerber*, 587 F.3d 753, 762 (5th Cir. 2009)

The Fifth Circuit, applying the "Zippo" Test, found that the Defendant Endurance's website that did not accept orders was little more than a passive advertisement and a greater interactivity between the website and resident of Texas was required for personal jurisdiction. See *Mink v. AAAA Development LLC*, 190 F.3d 333 (5th Cir. 1999) Defendant's website actively engaged Texas residents, the sites included but were not limited to, http://www.endurancewarranty.com and http://www.5starwarranty.com;

(14) Texas residents which purchased Defendant Endurance's contracts have their Texas claims administered by Defendant Endurance;

(15) Texas residents which purchased Defendant Endurance's contracts are provided a Texas agent to assist them in Texas with benefits made payable within Texas, pursuant to the "Endurance Vehicle Service Contract;" such as: (1) 24 hour emergency roadside service; (2) Mechanical first aid; (3) tire service; (4) battery service; (5) delivery service; (6) towing service; (7) lockout service; (8) trip Interruption;

(16) Texas Residents, responding to the multitude of solicitation letters sent to Texas, completed acts within Texas which were unnecessary, costly, and harmful, which included,

requiring time and effort to use their telephone, internet service, email, fax, or send a letter, to determine the validity of the false claims within the Defendant's solicitation letters;

(17) Texas Residents harmed by Defendant's solicitation mailers, derived from the Pii contained within the Texas motor vehicle record database which provided the data to mail the letters, were harmed in Texas and have a viable claim against Defendant Endurance, pursuant to Occupation Act, sec: 1304.161 Prohibited Acts, providing a forum of Travis County, Austin Texas.

For the foregoing reasons, this Court should find that Defendant Endurance has purposefully directed activity to Texas and that "minimum contacts" with Texas exist. Therefore, *in personam* jurisdiction is proper over Endurance and Defendant's Fed. 12(b)(2) Motion to Dismiss should be denied. The second prong, fairness factors, analysis is required.

### b.  Exercising Personal Jurisdiction Over Endurance Would Not Offend Traditional Notions of Fair Play and Substantial Justice

Defendant Endurance has purposefully availed itself of the personal jurisdiction of Texas and such jurisdiction would not offend traditional notions of fair play and substantial justice. Factors that must be considered in this analysis:

1)  The burden placed upon the defendant:

Defendant Endurance's burden to have this court exert jurisdiction is outweighed by the countervailing interests of adjudicating this suit in Texas. Since Defendant Endurance has violated Texas laws, then fair play justifies holding it responsible in Texas. Defendant initiated the relationship with Texans, albeit one formed in deceit, for which it was compensated. Because Defendant Endurance can now show that this burden outweighs the other interests described above, maintenance of Plaintiffs suit against Defendant Endurance in Texas will not offend this factor.

2)  The forum state's interest in adjudicating the suit:

The State of Texas has an interest in resolving disputes involving its residents. Therefore, the State of Texas does has a special interest in adjudicating this dispute since mailed solicitations were sent to Texas, contrary to Defendant's erroneous statement that none were sent to Texas. Plaintiff Lopez and Plaintiff Cross are Texas residents that received the solicitation letters. On information and belief, thousands, if not tens of thousands of Texans have received Defendant Endurance Warranty Services mailers.

3)  The interest of the plaintiff in obtaining convenient and effective relief:

Texas is the forum best able to provide the most efficient resolution to the controversy. Defendant Endurance has committed acts within Texas. The State of Texas Motor Vehicle Department employees involved in the investigation of Defendant Endurance are the most likely witnesses and reside in Texas, and the relevant evidence will most likely be found in Texas. Co-Defendant Compact Information System has employees located in Texas and relevant evidence will most likely be found in Texas. Thousands, if not tens of thousands of Texans that received Defendant Endurance Warranty Services mailers are the most likely witnesses and reside in Texas and the relevant evidence will most likely be found in Texas.

4)  The Plaintiff's interest in obtaining efficient resolution of controversies within the interstate judicial system:

The interstate judicial system's interest in obtaining the most efficient resolution of the controversy would be better served by adjudication within this forum.  Defendant Endurance's activities involved many states. It would be against judicial economy, specifically unnecessary effort and expense, to litigate this matter in multiple states.

5)  The interest in advancing the State's fundamental substantive social policies:

Texas has fundamental substantive social policies to protect its residents from the

multitude of mail solicitation letters, received on a continuous basis from Defendant Endurance, obtaining state motor vehicle records for direct marketing without express consent to use as lead generation for vehicle service contracts. This case also concerns federal legislation, adopted by all states, enacted specifically to exercise an effective redress for citizens who had been harmed by parties, engaged in an activity within the state that was subject to special regulation, the DPPA. Texas courts have an interest to protect Texas residents from any person or entity violating their privacy and creating security concerns. Such an interest also exists to protect Texas motor vehicle records.

Based upon the legal standards discussed, and for the reasons stated, Defendant Endurance is subject to this court's personal jurisdiction, and such jurisdiction would not offend the traditional notions of fair play and substantial justice. Defendants fail to meet the standards required with a Fed. R. Civ. P. 12(b)(2) challenge. Therefore, Plaintiffs respectfully request the motion to dismiss for lack of personal jurisdiction be denied.

### B.  PLAINTIFFS HAVE SUFFICIENTLY ALLEGED FACTS TO SUPPORT THEIR CLAIMS UPON WHICH RELIEF CAN BE GRANTED

#### 1.  Standard of Review and Legal Standard

A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357), cert. denied, 459 U.S. 1105 (1983). Granting a motion to dismiss "is a 'precarious disposition with a high mortality rate.' " *Id.* (quoting *Barber v. Motor Vessel "Blue Cat,"* 372 F2d 626, 627 (5th Cir. 1967)).

In determining whether dismissal should be granted, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the party against whom

dismissal is sought. *Capital Parks, Inc. v. Southeastern Adver. And Sales Sys., Inc.,* 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir. 1994). The Court limits its inquiry to whether the nonmoving party is entitled to offer evidence to support its claims and does not address whether the party will ultimately prevail on its merits. *Jones v. Gerninger*, 188 F.3d 322, 324 (5th Cir. 1999). Dismissal is proper when "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the [moving party] to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) should be granted only of it appears beyond doubt that the plaintiff could prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994) (citations omitted).

The United States Supreme Court, in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), clarified the standards that apply to dismissals under Rule 12(b)(6), holding that, to survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *Ashcraft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*); *Sonnier v. State Farm Mut. Auto. Ins. Co*., 509 F.3d 673, 675 (5th Cir. 2007) (same). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement of relief, this basic deficiency should.. be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558)

## 2. Analysis

### a. Plaintiffs' Second Amended Complaint Provides Sufficient Facts to State a Claim to Relief That is Plausible on its Face Under DPPA Against Endurance.

Plaintiffs' Second Amended Complaint ("2AC") goes beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action." It provides sufficient facts to state a claim upon which relief can be granted. Defendant Endurance's Motion to Dismiss attempts to summarize Plaintiffs allegations to an incomplete list that appear to be results from a mere search of their name within the complaint. Defendant Endurance's recitation of the search results misrepresents the total allegations asserted against them. Defendant Endurance's Motion to Dismiss attempts to persuade the Court that the search results are the only allegations against Endurance specifically and therefore are insufficient to state a plausible claim against it. However, Defendant Endurance is a party within the definition of CIS Affiliates (2AC ¶ 1) which further asserts its conduct to include one (1) or more of the following:

1) Obtain, directly or indirectly, Plaintiffs' Motor Vehicle Records, maintained by the State Motor Vehicle Department, for purposes that violate the Driver's Privacy Protection Act;
2) Use, process, and re-disclose, Plaintiffs' MVRs for purposes that violate the DPPA;
3) Resell Plaintiffs' MVRs for purposes that violate DPPA;
4) Purchase, directly or indirectly, Plaintiffs' MVRs to market and solicit Plaintiffs, without their express consent, for purposes that violate the DPPA.

Defendant Endurance knowingly obtained, directly or indirectly, State Motor Vehicle Record data for Direct Marketing, in violation of the Driver Privacy Protection Act §2721 from Defendant Compact Information Systems. (2AC ¶ 57)

Defendant Endurance Warranty Services knowingly used the State Motor Vehicle Record data provided to Co-Defendant Compact Information Services in violation of the Driver Privacy Protection Act §2721. (2AC ¶ 57)

17

Defendant Endurance knowingly obtained, possessed, and used Plaintiffs' motor vehicle records for marketing or soliciting motor vehicles owners. This is confirmed by an internal compliance procedure implemented by the State of Texas Department of Motor Vehicles (TxDMV)-Vehicle Titles and Registration (VTR). (2AC ¶ 81)

The TxDMV internal compliance procedure identifies the data Defendant Endurance obtained and used was solely provided to Defendant CIS. Defendant Endurance was a beneficiary of the illegally obtained motor vehicle records. (2AC ¶ 81)

Plaintiffs Second Amended Complaint explicitly provides clear and convincing evidence that Defendant Endurance obtained motor vehicle department records containing personal information from the Defendants. Specifically:

> "The actual marketing and solicitation correspondence used by Defendant EWS, and received by State Officials was as follows:  (2AC ¶ 81)

Plaintiffs Second Amended Complaint though included a redacted image of Defendant Endurance's actual marketing and solicitation material. (2AC  ¶ 82) The image was redacted, not for privacy purposes, but so not to impede the State of Texas' containing investigation. Plaintiffs now provide the same image un-redacted:



"Bernie Dodson" does not exist, nor does the vehicle data attached to that record. "Bernie Dodson" is test record, a fake motor vehicle record, created by the State of Texas Department of Motor Vehicles. State of Texas provided all bulk requesters with a unique test record in order to monitor compliance. "Bernie Dodson" was such a unique test record, included within a database in excess of 30 million motor vehicle records, sold to Blank Entities and Compact Information System and then obtained, re-disclosed, and used for direct marketing by Defendant Endurance, directly and indirectly. Any and all arguments that "Bernie Dodson" data was derived from any source, and could be legally obtained from any source other than the Texas DMV are without merit.

Defendant Endurance's owner, Paul Chernawsky, confirmed it had obtained the "Bernie Dodson" record:

> "We researched the Customer ID#8853980769, Bernie Dodson of Texas and everything checked out internally.  We have the signed affidavit from the provider, as well as the contract with the provider with language stating "Vehicle Owners Marketing Database consists of over 43 Million full VIN Vehicle Owner records, which has been compiled, acquired, appended, and updated in full compliance with all existing federal and state laws. The Vehicle Owners Marketing Database does not contain any data or information obtained or provided by any State's DMV Lists."

> "I also wanted to go one step further before I spoke to you so I called the data provider and asked the provider to source the name internally and the provider just now came back with the invoice and date he purchased the data and from whom - the company is a reputable company and not any of the named parties in your lawsuit."

Defendant Endurance cites *Gordon v. Softech International, Inc.*, 726 F.3d 42, 50-51 (2d Cir. 2013) as it relates to "knowingly." The use of the term "knowingly" in Section 2724(a) is intended simply to guard against accidental disclosures of information. *See, e.g.*, *Pichler v. UNITE*, 228 F.R.D. 230, 242 (E.D. Pa. 2005) (analyzing placement of "knowingly" and concluding that civil liability does not require knowledge that purpose is unlawful), *aff'd*, 542

F.3d at 397 (rejecting defendant's argument that there was "no violation of the statute absent evidence 'that a defendant appreciated the illegality of his conduct'"); *see also Rios v. Direct Mail Express, Inc., 435 F. Supp. 2d 1199, 1204 (S.D. Fla. 2006)* ("[U]nder the express language of the DPPA the term 'knowingly' only modifies the phrase 'obtains, discloses, or uses personal information.' It does not modify the phrase 'for a purpose not permitted under this Chapter.'"); *Cowan v. Codelia*, No. 98 Civ. 5548, 1999 WL 1029729(JGK), at *8 (S.D.N.Y. Nov. 10, 1999). Plaintiffs have shown that Defendant Endurance knowingly obtained, re-disclosed, and used the Texas motor vehicle records evidenced by the Bernie Dodson occurrence. *Gordon* also holds a reasonable duty of care exists within the DPPA. Defendant Endurance acted negligently, recklessly, and with willful blindness in violation Gordon's standard of duty. Issues of willfulness and recklessness are common factual issues for juries to determine. Defendant Endurance failed to notice or flag the discrepancies in obtaining the motor vehicle records.

Defendant erroneously cites Plaintiffs' Second Amended Complaint paragraph 87 to attempt to prove that Plaintiffs had no facts regarding Defendant Endurance knowingly obtained motor vehicle records and for unpermitted purposes. Paragraph 87's discussion is limited to an association and activities between Defendant Blank Entities and Compact Information Systems.

For the foregoing reasons, this Court should find that Plaintiffs allegations against Endurance are sufficient to state a plausible DPPA claim against it under Count I.

### b. Plaintiffs' Second Amended Complaint Provides Sufficient Facts to State a Claim to Relief that is Plausible on its Face Under Count II Against Endurance.

Count II does not allege Defendants violated state motor vehicle records acts in all fifty (50) states (2AC¶ 218). Count II alleges violations occurred in some of the fifty (50) states, but discovery is necessary to determine which states, in addition to Texas and Florida. Plaintiffs

deny that it does not have evidence that Defendant evidence obtained motor vehicle records from other Defendants (2AC¶81). Plaintiffs deny that they have no basis for making the allegation that Defendants violated state motor vehicle record disclosure acts and deny they have no basis for making such allegations against Defendant Endurance as to Count II.

State DPPA laws provide an implied private cause of action for equity claims. The Federal Driver's Privacy Protection Act of 1994 (the "DPPA") provides a private cause of action related to the release of personal information collected by the states. The Texas Department of Public Safety (the "DPS") in connection with motor vehicle records. See 18 U.S.C. §§ 2721-2725 (2000) (Ch. 123); Tex. Transp. Code Ann. §520, permits the administration of, and access to, motor vehicle records. While the Federal DPPA provides equitable relief to persons harmed, it cannot bind the state in regard to the administration of the DPPA.

The Federal DPPA's legislative intent provides an implied private cause of action on the state level:

> Pub. L. 103–322, title XXX, §300003, Sept. 13, 1994, 108 Stat. 2102, provided that: "The amendments made by section 300002 [enacting this chapter] shall become effective on the date that is 3 years after the date of enactment of this Act [Sept. 13, 1994]. After the effective date, if a State has implemented a procedure under section 2721(b)(11) and (12) of title 18, United States Code, as added by section 2902 [probably should be section "300002(a)"], for prohibiting disclosures or uses of personal information, and the procedure otherwise meets the requirements of subsection (b)(11) and (12), the State shall be in compliance with subsection (b)(11) and (12) even if the procedure is not available to individuals until they renew their license, title, registration or identification card, so long as the State provides some other procedure for individuals to contact the State on their own initiative to prohibit such uses or disclosures. Prior to the effective date, personal information covered by the amendment made by section 300002 may be released consistent with State law or practice."

State DPPA laws provide persons an implied private right of action, based in equity, to protect access by unauthorized persons or entities to their motor vehicle records. Such an implied private right of action allows Plaintiffs the right to file complaints, and request action against

persons or entities accessing their motor vehicle records in order to prove an offense has been committed and to obtain equitable relief by enjoining such party or entity to access. Without such implied right, Plaintiffs could not obtain state injunctive relief.

For the foregoing reasons, this Court should find that Plaintiffs allegations concerning Defendant Endurance Warranty Services are sufficient to state a plausible claim against it under Count II.

### c.   Defendant Endurance Does Not Deny That Sufficient Facts Exist to State a Claim Upon Which Relief Can Be Granted as to Count III-VII.

Defendant Endurance not only seeks to have the court dismiss Count VIII, contingent upon a dismissal of Count I, but the entire complaint. Defendant Endurance erroneously argues that all of Plaintiff's common law allegations are contingent upon Count I. Each exists though as an individual cause of action with injunctive relief. As to the remaining counts, Defendant's citation of *Graczyk*, 660 F.3d at 281, is misplaced, citing a case that is not on point and limited its dismissal to claims for unjust enrichment and injunctive relief. Defendant attempts to extend this decision to a dismissal of Count III, Breach of Bailment; Count IV, Conversion; Count V, Invasion of Privacy and Seclusion and Public Disclosure of Private Facts; Count VI, Negligence; and Count VII, Trespass to Personal Property/Chattels. Defendant Endurance fails to provide legal support to dismiss Counts III-VII; thus pleading themselves out of its motion to dismiss if this Court finds personal jurisdiction.

For the foregoing reasons, this Court should find that Plaintiffs allegations concerning Endurance are sufficient to state a plausible claim against it under any of these counts.

## C.  SHOULD THE COURT DETERMINE THAT MORE FACTS NEED TO BE PLEADED, PLAINTIFFS SHOULD BE ALLOWED TO AMEND

If Plaintiffs fail to state a claim upon which relief can be granted, Plaintiffs should be given every opportunity to amend its pleading to properly state a claim. *Wisdom v. First Midwest Bank*, 167 F.3d 402 (8th Cir.1999) Courts generally prefer to decide cases on their merits rather than how they are plead. A denial of a right to amend is reviewed under an abuse of discretion standard, but there is a presumption to allow amendments. A motion to amend should be denied only when there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment.

Although Plaintiffs believe that they have provided sufficient detail to demonstrate the plausibility of their claims, they would ask that they be allowed to further extrapolate on their claims should the Court conclude that they are relying on mere speculation or conclusory language as Defendant suggests. Such a request is not made to change the nature of their cause of action, but rather to provide additional factual support for their assertions of fact, should the Court conclude that insufficient facts have been plead.

## CONCLUSION

For all of the foregoing reasons, Defendant Endurance has failed to sustain its burden to provide support for its motion to dismiss Plaintiffs' Second Amended Complaint for lack of personal jurisdiction and for failure to state a claim upon relief may be granted. Defendant Endurance has provided incomplete and inaccurate facts to support its position, citing cases which provide no support, ignoring material facts, and provided no admissible evidence to deny the undisputed facts.

Plaintiffs have sustained their burden of providing facts that Defendant Endurance had minimum contacts with Texas, acts purposefully directed towards Texas that gave rise to Plaintiffs' claim, and not offending traditional notions of fair play and substantial justice for the court to exercise personal jurisdiction over Defendant Endurance. Plaintiffs have also met their burden to state claims against Defendant Endurance upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, respectfully requests that this Court:

1. Deny Defendant Endurance's 12(b)(2) motion to dismiss for lack of personal jurisdiction;

2. Deny Defendant Endurance's 12(b)(6) motion to dismiss for failure to state claim;

3. Grant Plaintiffs Jane Doe, Toby Cross, and Arthur Lopez such other and further relief as is equitable and just.


Dated: March 10, 2014                    Respectfully submitted,


                                         /s/ Joseph H. Malley_____
                                         JOSEPH H. MALLEY (TX 12865900)

                                         Law Office of Joseph H. Malley, P.C.
                                         1045 N. Zang Blvd.
                                         Dallas, Texas 75208
                                         (214) 943-6100 Telephone
                                         (214) 943-6170 Fax

                                         Attorneys for Plaintiffs, individually and on behalf of Class of similarly situated individuals

### CERTIFICATE OF SERVICE

On this date, March 10, 2014, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).


                                         /s/ Joseph H. Malley_____
                                         JOSEPH H. MALLEY