IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANE DOE, TOBY CROSS, ARTHUR LOPEZ, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>COMPACT INFORMATION SYSTEMS, a Washington corporation, DATA SOLUTIONS OF AMERICA, INC., a Florida corporation, ELIZABETH M. BLANK, a Florida individual, ENDURANCE WARRANTY SERVICES, L.L.C., an Illinois limited liability company, KMB STATISTICS, LLC, a Florida corporation, and Doe Individuals and Corporations 1-100 inclusive,<br><br>Defendants. | Case No. 3:13-cv-5013-M |

**DEFENDANT ENDURANCE WARRANTY SERVICES' REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND FOR FAILURE TO STATE A CLAIM**

Defendant Endurance Warranty Services, L.L.C., an Illinois limited liability company ("Endurance"), files this Reply Brief in Support of its Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim, and would respectfully show the Court as follows:

**Motion to Dismiss for Lack of Personal Jurisdiction**

**I.    Plaintiffs Have Not Disputed the Facts Concerning Personal Jurisdiction**

Endurance's Motion provided the Declaration of Paul Chernawsky, its Vice President, as evidentiary support to show that this Court lacks personal jurisdiction over it. Plaintiffs have

elected to submit no counteraffidavits or other evidence to dispute any of the factual statements made in the Declaration, so those statements all stand undisputed. Nor have Plaintiffs elected to provide any evidentiary support for the additional facts they set forth in their Memorandum in Opposition to Endurance's Motion ("Pl. Mem."), that they assert support a prima facie case of personal jurisdiction.

Rather than providing this Court with admissible evidence to meet their burden of establishing personal jurisdiction over it, Plaintiffs have made numerous statements which are not supported by anything in the record concerning another company, Endurance Dealer Services, L.L.C. ("EDS"), which is not a party to this lawsuit. Plaintiffs apparently seek to mislead this Court by arguing that alleged facts concerning EDS show that this Court has personal jurisdiction over the company that they did sue, Endurance. None of this in any way disputes any of the facts concerning Endurance's lack of connection to Texas which were set forth in detail in the Chernawsky Declaration.

Plaintiffs, who do not dispute Endurance's statement of the law concerning what is required to establish personal jurisdiction over a non-resident defendant, concede that they bear the burden of establishing this Court's jurisdiction over Endurance. (Pl. Mem. p. 4) It is only where the proponent of jurisdiction produces affidavits that conflict with those presented by the party who disputes it that conflicts must be resolved in the proponent's favor. *Bullion v. Gillespie*, 895 F.2d, 213, 217 (5th Cir. 1990). Thus, only if the Plaintiffs' allegations in the Second Amended Complaint and the facts in the only other matter properly before this Court, the Chernawsky Declaration, show that there is a prima facie case of personal jurisdiction over Endurance should this Court find in Plaintiffs' favor. But, Plaintiffs have clearly failed to meet

their burden to establish personal jurisdiction over Endurance by presenting admissible evidence that shows that the facts are other than what was presented in Endurance's Motion.

## II.  Argument

Plaintiffs appear to concede that there is no general personal jurisdiction over Endurance for this case in Texas despite their assertion that Endurance "has engaged in continuous and systematic activity within Texas." (Pl. Mem. p. 9) Instead, they argue that this Court has specific jurisdiction over Endurance through a litany of alleged contacts with Texas. (Pl. Mem. pp. 10-13) Although Plaintiffs "fervently reject" the veracity of the Chernawsky Declaration, they then admit that "[d]iscovery shall be required to determine the veracity of some statements within this Declaration." (Pl. Mem. p. 9)

However, Plaintiffs' fervent dispute is contradicted by the fact that they only present "evidence" about EDS from a hearsay website called bizapedia.com (Pl. Mem. p. 9), as well as numerous other unsupported statements about EDS and/or Endurance with respect to the Texas Secretary of State, the Texas Comptroller of Public Accounts and the Texas Department of Licensing and Regulation. (Pl. Mem. pp. 10-11) Further hearsay statements are made about Texas Department of Motor Vehicle Records, Texas residents being sent "thousands, if not tens of thousands of solicitation letters by Defendant Endurance," Texas residents entering into contracts with Endurance, Texas residents accessing their computers to visit a website, Texas residents contracting with Endurance and having contract claims administered, a Texas agent assisting with benefits, and other matters which are not even alleged in the Second Amended Complaint.[1] (Pl. Mem. pp. 11-13)

---

[1] Endurance notes a particularly curious admission by Plaintiffs that, according to the Fifth Circuit in *Mink v. AAAA Development LLC*, 190 F.3d 333 (5th Cir. 1999), a decision rendered several years before Endurance was founded which does not mention it by name, Endurance's website "was little more than a passive advertisement and a greater interactivity between the website and resident of Texas was required for personal jurisdiction." (Pl. Mem. p. 12)

Despite Plaintiffs' smokescreen of unsupported and inadmissible statements, it is clear that Endurance's connection with Texas remains limited to what Plaintiffs actually alleged in the Second Amended Complaint, that Endurance sent letters to two of the three Plaintiffs and one letter to unidentified Texas State Officials, the contents of which are not disclosed in the Second Amended Complaint and none of which even resulted in a contract. As the Fifth Circuit stated in *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009), a case where the non-resident defendant did enter into a contract with the Texas plaintiff:

> It is clearly established that "merely contracting with a resident of the forum state does not establish minimum contacts." [footnote omitted] Jurisdiction must not be based on the fortuity of one party residing in the forum state.

Instead, the courts look at the course of dealings between the parties to determine whether there is an ongoing business relationship sufficient to hale the non-resident defendant into court. *See, e.g.*, *Colwell Realty Investments, Inc. v. Triple T Inns of Arizona, Inc.*, 785 F.2d 1330, 1334-35 (5th Cir. 1986) (affirming dismissal for lack of personal jurisdiction). Where, as here, a non-resident defendant has structured its business affairs to shield them from jurisdiction in a forum state, the courts will recognize that structure by finding that there is no personal jurisdiction over that defendant. *Bearry v. Beach Aircraft Corp.*, 818 F.2d 370, 375-76 (5th Cir. 1987); *American Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 808 (Tex. 2002) (citing *Bearry*).

While seriously harmful effects within the forum state that flow from actions done outside the state can sometimes establish personal jurisdiction in the forum state, as in *Calder v. Jones*, 465 U.S. 783, 788-89 (1984), where the Supreme Court found that the forum state was both the focal point of the subject libel and where serious harm was caused to the plaintiff, the Fifth Circuit has cautioned that the so-called "effects test" is not a substitute for minimum

contacts with the forum state. *Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

Plaintiffs' attempts to muddy the waters with non-record evidence about a non-party company notwithstanding, it is clear that no specific personal jurisdiction over Endurance has been shown to exist, much less any general personal jurisdiction over it. As the *Panda Brandywine* court observed, there is no need to look at the fairness factors where minimum contacts have not been shown to exist between the non-resident defendant and the forum state. *Id.* at 870. Plaintiffs have made no showing whatsoever to establish that this Court has personal jurisdiction over Endurance. Endurance should be dismissed from this case.

## Motion to Dismiss For Failure to State a Claim

### I. Plaintiffs State No DPPA Claim Against Endurance

If this Court should nevertheless conclude that there is personal jurisdiction over Endurance, it would then need to address the points raised in the second part of Endurance's Motion. If was ever true that motions to dismiss under Rule 12(b)(6) are only "rarely" granted (Pl. Mem. p. 15), that is certainly not true today following the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 540 U.S. 544, 570 (2007). Following the *Twombly* decision, the Fifth Circuit observed that a Rule 12(b)(6) motion *should* be granted if the complaint fails to meet the "plausibility" test because "when the allegations in a complaint, however true, could not raise an entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558) (affirming dismissal). Indeed, just such a motion to dismiss was granted with

respect to a DPPA claim and affirmed by the Fifth Circuit in *Taylor v. Acxiom Corp.*, 612 F.3d 325 (5th Cir. 2010).

Plaintiffs argue that they have provided sufficient facts to state a DPPA claim, but the other allegations of the Second Amended Complaint that they point to clearly do not accomplish that task. Their allegations in paragraph 1 of the Second Amended Complaint (Pl. Mem. pp. 3-4, 17) do exactly what the Supreme Court said is *not* sufficient to state a claim, "a formulaic recitation of the elements of a cause of action" which merely parrots the words of the DPPA in conclusory fashion. *Twombly*, 550 U.S. at 557 (quoted in *Iqbal*, 556 U.S. at 678).

Paragraph 57 of the Second Amended Complaint does not allege that Endurance knowingly obtained, possessed or used motor vehicle records provided to defendant Compact Information Systems ("CIS"), as cases like *Pichler v. UNITE*, 228 F.R.D. 230, 242 (E.D. Pa. 2005), *aff'd*, 542 F.3d 380 (3d Cir. 2008), and *Rios v. Direct Mail Express, Inc.*, 435 F. Supp. 2d 1199, 1204 (S.D. Fla. 2006), require.[2] Instead, paragraph 57 alleges merely that CIS "resold the motor vehicle records to EWS," without any allegation that Endurance obtained such records knowing of their wrongful provenance.

Even this limited and insufficient allegation in paragraph 57 is totally belied by Plaintiffs' admission in paragraph 87 that "[d]iscovery shall be required to determine if KMB, Blank, and DSOA provided Compact Information Systems, Endurance Warranty Systems, or any other entities, the motor vehicle records prior to February 2011." This breaks the causal connection asserted in paragraph 57 of resales of motor vehicles records from KMB and Blank to DSOA, to CIS, to Endurance, and to other unnamed Doe defendants, and it pleads Plaintiffs out of court

---

[2] The court in *Cowan v. Codelia*, 1999 WL 1029729, at *8 (S.D.N.Y. Nov. 10, 1999), expressly declined to address this issue.

because it admits that even the "resale" allegation is impermissibly based on sheer speculation and lacks the good faith evidentiary support required by Rule 11(b)(3).

Furthermore, nothing is said about Endurance in paragraph 81 of the Second Amended Complaint, which is a verbatim restatement of a communication from a Texas DMV official. Nor does paragraph 82 allege that Endurance knowingly obtained, disclosed or used protected motor vehicle record information. Certainly, Plaintiffs' melodramatic unmasking of their previously redacted image in paragraph 82 adds nothing that demonstrates that they have stated a DPPA claim.

This is precisely what Endurance pointed out in its Brief in Support of its Motion to Dismiss. Plaintiffs have not identified anywhere in the Second Amended Complaint where they have properly alleged, as they must, all of the elements of a DPPA violation by Endurance.[3]

## II. Count II States No Claim

Plaintiffs' Memorandum appears to limit their claims concerning alleged violations of state motor vehicle record protection statutes to Texas and Florida, at least until they obtain discovery. (Pl. Mem. pp. 20-21) What Plaintiffs do not do in their Memorandum, however, is show how the statutes of either state provide a private right of action to them. Their argument appears to be that, in equity, there has to be an implied private right of action under state law because if there is not, they cannot sue the Defendants. At the very least, this puts the cart before the horse.

Inferring a private right of action from a statute which prohibits certain acts but does not give private plaintiffs an express private right of action for a violation of the statute which,

---

[3] Endurance notes that if an unsubstantiated statement attributed to its Vice President, Mr. Chernawsky, were part of Plaintiffs' allegations, it would also plead Plaintiffs out of court since it shows that Endurance did not in fact purchase motor vehicle record information from any of the other defendants, and that it took care never to violate the DPPA by knowingly obtaining or using motor vehicle record information. (Pl. Mem. p. 19)

unlike the DPPA, contains no express private right of action, is not a simple matter. It certainly is not something that can be assumed. *See Cort v. Ash*, 422 U.S. 66, 78 (1975). Rather than explain why and how the Texas statute gives rise to an implied private right of action if it is violated, Plaintiffs simply avoid the question entirely.

In the absence of any showing that a private right of action can, consistent with the state legislatures' intent, and should be inferred from the Texas and Florida motor vehicle record protection statutes in a *Cort* analysis, there is no basis for the state law claims in Count II.

### III. Counts III-VIII Should Also Be Dismissed

Plaintiffs do not explain why any of the remaining counts has an independent existence from an underlying violation of the DPPA or, for that matter, from a violation of a state motor vehicle record protection act like the Texas statute. Plaintiffs allege that each of Counts III through VIII is predicated upon a statutory violation. (2AC ¶¶ 234, 246, 257, 269, 286, 297) All of their non-statutory "common law" claims are alleged to have arisen directly from the acts alleged earlier in the Second Amended Complaint in Count I, for violation of the DPPA. As in *Graczyk v. West Publishing Co.*, 660 F.3d 275, 281 (7th Cir. 2011), none of these counts should survive dismissal of Count I.

In addition, this Court would lack supplemental jurisdiction over Counts II through VIII under 28 U.S.C. § 1367 if it finds that Count I should be dismissed for a failure to state a claim. As a general rule, "a district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it has pendent jurisdiction." *Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir.), *cert. denied*, 543 U.S. 829 (2004).

## Conclusion

For all of the foregoing reasons and for all of the reasons stated in its Brief in Support of its Motion to Dismiss, it is clear that Plaintiffs have not sustained their burden of establishing personal jurisdiction over Endurance and, even if they had, they do not state any claim against Endurance upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant, Endurance Warranty Services, L.L.P., respectfully requests that this Court:

1. Find that *in personam* jurisdiction cannot be constitutionally exercised over it in Texas;

2. Find that Plaintiffs fail to state claims against it for violation of the Driver's Privacy Protection Act or under state statutory or common law;

3. Enter an order granting its Motion to Dismiss and dismissing Endurance with prejudice from this suit; and

4. Grant such other and further relief as is equitable and just.

Respectfully submitted,

*/s/ Melissa A. Dorman*
**MELISSA A. DORMAN**
State Bar No. 00790603
**HARTLINE DACUS BARGER DREYER LLP**
6688 N. Central Expy., Suite 1000
Dallas, Texas 75206
(214) 369-2100 telephone
(214) 267-4271 direct fax

**JOHN L. ROPIEQUET**
**STEVEN N. MALITZ**
Appearing *Pro Hac Vice*
**ARNSTEIN & LEHR LLP**
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100 telephone

(312) 876-0288 fax

**ATTORNEYS FOR ENDURANCE WARRANTY SERVICES, L.L.C.**

**CERTIFICATE OF SERVICE**

On this the 24th day of March, 2014, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

*/s/ Melissa A. Dorman*_____
Melissa A. Dorman