**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** *et al.* | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:13-cv-05013-M** |
| | § | |
| **COMPACT INFORMATION** | § | |
| **SYSTEMS, INC.,** *et al.* | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT COMPACT INFORMATION SYSTEMS, INC.'S
<u>BRIEF IN SUPPORT OF ITS RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................... 1

II.     BACKGROUND ...................................................................................................... 2

III.    STANDARD OF REVIEW ...................................................................................... 4

IV.     ANALYSIS UNDER 12(b)(1)................................................................................... 5

        A.      Plaintiffs' state-law claims should be dismissed for lack of subject matter
                jurisdiction .................................................................................................... 5

V.      ANALYSIS UNDER 12(b)(6)................................................................................... 9

        A.      Plaintiffs' common-law privacy claims (Count V) should be dismissed for
                failure to state a claim because Plaintiffs cannot establish the information
                is private, contains offensive information, or was obtained in an offensive
                manner............................................................................................................ 10

                1.      Plaintiffs' common-law privacy claims (Count V) should be
                        dismissed because the information is not private ................................... 10

                2.      Plaintiffs' common-law privacy claims (Count V) should be
                        dismissed because Plaintiffs are unable to establish that the
                        information contains offensive facts or was obtained in a highly
                        offensive manner..................................................................................... 13

        B.      Plaintiffs' claims premised on a property interest (Counts III, IV, and VII)
                should be dismissed for failure to state a claim because the information is
                not personal property and is not subject to exclusive control.............................. 14

                1.      Motor Vehicle Records are not Plaintiffs' property ............................... 15

                2.      Plaintiffs' claims for breach of bailment, conversion, and trespass
                        to chattels also fail because CIS did not have exclusive control of
                        the data ................................................................................................... 16

        C.      Plaintiffs' negligence claim should be dismissed because there is no
                common- law duty to "safeguard and protect" their name, address, and
                vehicle information ............................................................................................. 17

        D.      Plaintiffs' unjust enrichment claim should be dismissed because it is not
                an independent cause of action and there was never an expectation that
                CIS would compensate plaintiffs for use of the motor vehicle records.............. 18

        E.      Plaintiffs' state statutory claims should be dismissed because the statutes
                do not provide for a private cause of action........................................................ 20

VI.     CONCLUSION........................................................................................................ 21

## TABLE OF AUTHORITIES

**Page**

CASES

*Allstate Ins. Co. v. Ginsberg*,
  863 So. 2d 156 (Fla. 2003) ................................................................................... 11

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ........................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ 4

*Berger Engineering Co. v. Village Casuals, Inc.*,
  576 S.W.2d 649 (Tex. App.—Beaumont 1978, no writ) ...................................... 19

*Billings v. Atkinson*,
  489 S.W.2d 858 (Tex. 1973) ................................................................................ 14

*Brown v. De La Cruz*,
  156 S.W.3d 560 (Tex. 2004) ........................................................................... 20, 21

*Carpenter v. Carpenter*,
  NO. 02-11-00266-CV, 2012 Tex. App. LEXIS 5322 (Tex. App.—Fort Worth July 5,
  2012, pet. denied) (not designated for publication) ............................................. 15

*Cinel v. Connick*,
  15 F.3d 1338 (5th Cir. 1994) ............................................................................... 16

*Clapper v. Amnesty Int'l USA*,
  133 S. Ct. 1138 (2013) ............................................................................. 4, 5, 6, 7, 8

*Clayton v. Richards*,
  47 S.W.3d 149 (Tex. App.—Texarkana 2001, pet. denied) ................................ 14

*Cobb v. Cent. States, Sw. & Se. Areas Pension Fund*,
  461 F.3d 632 (5th Cir. 2006) ................................................................................. 4

*Condon v. Reno*,
  155 F.3d 453 (4th Cir. 1998), *rev'd on other grounds sub nom Reno v. Condon*, 528
  U.S. 141 (2000) ............................................................................................... 11, 12

*Doe v. Univision TV Group*,
  717 So. 2d 63 (Fla. Dist. Ct. App. 3d Dist. 1998) ......................................... 10, 13

# TABLE OF AUTHORITIES

*Galper v. JPMorgan Chase, N.A.*,
 13 Civ. 3449, 2014 U.S. Dist. LEXIS 35897 (S.D.N.Y. Mar. 14, 2014) ...............................17

*Graff v. Beard*,
 858 S.W.2d 918 (Tex. 1993)...............................................................................................18

*Hancock v. Chi. Title Ins. Co.*,
 635 F. Supp. 2d 539 (N.D. Tex. 2009) .................................................................................18

*Hollingsworth v. Perry*,
 133 S. Ct. 2652 (2013)..........................................................................................................4

*Horowitz v. Plantation Gen. Hosp. Ltd. P'ship*,
 959 So. 2d 176 (Fla. 2007)...................................................................................................20

*In re Am. Airlines, Inc.*, No. 3:04-MD-1627-D, 2005 U.S. Dist. LEXIS 37739, at *1 (N.D.
 Tex. Dec. 7, 2005).................................................................................................................8

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
 No. 12-2358-SLR, 2013 U.S. Dist. LEXIS 145727 (D. Del. Oct. 9, 2013) .............................8

*Jackson Hewitt, Inc. v. Kaman*,
 100 So. 3d 19 (Fla. Dist. Ct. App. Dist. 2011).......................................................................18

*Lambert v. Hartman*,
 517 F.3d 433 (6th Cir. 2008) ...............................................................................................16

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992)...........................................................................................................4, 5

*McDonough v. Al's Auto Sales, Inc.*,
 No. 13-1889(DSD/FLN), 2014 U.S. Dist. LEXIS 21847 (D. Minn. Feb. 21, 2014).........11, 14

*Milbank v. Simons (In re Simons Broad., LP)*,
 W-11-CA-172, 2013 U.S. Dist. LEXIS 165941 (W.D. Tex. Nov. 19, 2013).........................17

*Monroe Sys. for Bus. v. Intertrans Corp.*,
 650 So. 2d 72 (Fla. Dist. Ct. App. 1994) .............................................................................15

*Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank, N.A.*,
 667 So. 2d 876 (Fla. Dist. Ct. App. 3d Dist. 1996)...............................................................19

*Robinson v. Nat'l Autotech, Inc.*,
 117 S.W.3d 37 (Tex. App.—Dallas 2003, pet. denied).........................................................17

## TABLE OF AUTHORITIES

*Sisters of Charity of the Incarnate Word v. Meaux*,
   122 S.W.3d 428 (Tex. App.—Beaumont, 2003, pet. denied)................................16

*Smith v. Radam, Inc.*,
   51 S.W.3d 413 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ...........................15

*Star-Telegram, Inc. v. Doe*,
   915 S.W.2d 471 (Tex. 1995).........................................................................10, 13

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009).........................................................................................5

*Underwriters at Lloyds Subscribing to Cover Note MC-1151 v. FedEx Truckload
   Brokerage, Inc.*,
   2010 U.S. Dist. LEXIS 67881 (S.D. Fla. July 7, 2010).........................................16

*Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993) ....................................11, 14

*Villarreal v. Grant Geophysical, Inc.*,
   136 S.W.3d 265 (Tex. App.—San Antonio 2004, pet. denied) .................................9

*Wehling v. Columbia Broadcasting System*,
   721 F.2d 506 (5th Cir. 1983) .............................................................................12

*West v. SMG*,
   318 S.W.3d 430 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ...........................18

*Williams Management Enters. v. Buonauro*,
   489 So. 2d 160 (Fla. Dist. Ct. App. 1986) ...........................................................15

*Yunker v. Pandora Media, Inc.*,
   No. 11-CV-03113 JSW, 2013 U.S. Dist. LEXIS 42691 (N.D. Cal. Mar. 26, 2013) ................8

**STATUTES**

Driver's Privacy Protection Act 18 U.S.C. § 2721 ..................................................1, 12

FLA. STAT. § 119.07...........................................................................................20, 21

FLA. STAT. § 119.0712 (2) .................................................................................20, 21

TEX. TRANSP. CODE § 730.001-730.016 ...........................................................20, 21

**OTHER AUTHORITIES**

N.D.TX L.R. 7.1 ..................................................................................................1

## TABLE OF AUTHORITIES

N.D.TX L.R. 7.2 .................................................................................................................1

FED. R. CIV. P. 12(b)(1) .........................................................................................4, 5, 21

FED. R. CIV. P. 12(b)(6) .........................................................................................4, 9, 21

*Driver's Privacy Protection Act (DPPA)*, TEXAS DEPARTMENT OF MOTOR VEHICLES (Apr.
    2, 2014), http://txdmv.gov/drivers-privacy-protection-act. ....................................................13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JANE DOE**, *et al.* | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | Civil Action No. 3:13-cv-05013-M |
| | § | |
| **COMPACT INFORMATION** | § | |
| **SYSTEMS, INC.**, *et al.* | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT COMPACT INFORMATION SYSTEMS, INC.'S**
**BRIEF IN SUPPORT OF ITS RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS**

Pursuant to Local Rules 7.1 and 7.2, Defendant Compact Information Systems, Inc. ("CIS") files this brief in support of its Motion to Dismiss Counts II-VIII of Plaintiffs Jane Doe, Toby Cross, and Arthur Lopez's Second Amended Class Action Complaint ("Amended Complaint").

## I.    INTRODUCTION

In this proposed class action, Plaintiffs have filed suit after allegedly receiving a letter from Defendant Endurance Warranty Services. They claim that the receipt of this letter causes them to suspect that Defendant CIS improperly disclosed information obtained from the Texas and Florida motor vehicle departments in violation of a federal statute, the Driver's Privacy Protection Act, 18 U.S.C. § 2721 ("DPPA"). Plaintiffs bring one count against CIS under this federal statute and seven other counts against CIS under state law.

CIS brings this motion as a partial motion because CIS will separately seek to dismiss the DPPA claims on summary judgment. While CIS believes Plaintiffs' DPPA claim is frivolous and based on false allegations that Plaintiffs will be unable to prove, CIS recognizes that such a

challenge is inappropriate for a motion to dismiss, where the Court must accept the allegations as true. As a result, CIS will separately seek dismissal of the DPPA claim by summary judgment, so as to expose and negate the false factual allegations contained in the Complaint. For this reason, CIS does not seek to dismiss Count I in this motion and will bring its challenges in a forthcoming summary judgment.

Plaintiffs' remaining seven counts, however, cannot survive a motion to dismiss and are thus ripe for dismissal. In this motion to dismiss, therefore, CIS seeks to trim the case down by dismissing Counts II-VIII, all of which are brought under either Texas or Florida law. Specifically, CIS moves to dismiss all of Plaintiffs' state-law claims in this proposed class action because (1) Plaintiffs have failed to allege an injury-in-fact, thus depriving them of standing and depriving this Court of subject matter jurisdiction, and (2) Plaintiffs have no legal basis for using common-law claims and a criminal state statute to complain about the alleged disclosure of their name, address, and vehicle information, thus failing to state a claim upon which relief can be granted.

## II.   BACKGROUND

*Relevant allegations.* Although CIS intends to disprove many of Plaintiffs' allegations in a subsequent summary judgment, CIS recognizes that for the purpose of this motion to dismiss, this Court must accept Plaintiffs' allegations as true. The relevant allegations for this motion to dismiss are as follows:

- Plaintiffs contend that they registered their vehicles with the motor vehicle departments in Texas or Florida where they allegedly reside. Pls.' Am. Compl. ¶ 7-9.

- Plaintiffs allege that Defendant Elizabeth Blank purchased these records from the state motor vehicle departments on behalf of her company, Defendant KMB Statistics, LLC. Pls.' Am. Compl. ¶¶ 28(b), 40, 41.

- Plaintiffs allege that the Texas motor vehicle department included unique test records in the records that Defendant Elizabeth Blank purchased.   Pls.' Am. Compl. ¶ 80-82.

- According to Plaintiffs, KMB allegedly resold those records to Defendant Data Solutions of America which then, allegedly, sold the records to CIS.   Pls.' Am. Compl. ¶¶ 28, 57.

- Plaintiffs further allege that CIS sold the state motor vehicle records to Defendant Endurance Warranty Services and "Doe Individuals and Corporations 1-100."   Pls.' Am. Compl. ¶¶ 28, 57.

- Plaintiffs allege that Endurance and the Doe defendants used this information for the purposes of direct marketing activities, allegedly in violation of the DPPA.   Pls.' Am. Compl. ¶¶ 28, 57.

- Plaintiffs allege that they each received a "marketing and solicitation letter" from Defendant Endurance.   Pls.' Am. Compl. ¶¶ 7-9.

- Plaintiffs allege that receipt of this letter caused "outrage, mental suffering, and harm." Pls.' Am. Compl. ¶ 157.

- Plaintiffs seek damages in the form of:

  > The costs of lost personal and business time, reviewing correspondence received, investigating how any individual and/or company could have access to their motor vehicle records, contacting their actual auto dealer, vehicle manufacturer, actual warranty dealer and any associated parties in order to review the terms of their extended auto warranty or vehicle service contract, and rectifying the consequences of Defendants' conduct in harvesting Plaintiff's . . . motor vehicle records.

  > Pls.' Am. Compl. ¶ 168.

- Plaintiffs also seek compensation for the alleged "use and exploitation" of the motor vehicle records.   Pls.' Am. Compl. ¶ 171.

Plaintiffs assert their causes of action in eight counts. The first count asserts violations of

the DPPA (Count I).  The remaining seven counts assert violations of state law:

| | |
|---|---|
| Count II: | Violations of state motor vehicle records acts. |
| Count III : | Breach of bailment. |
| Count IV: | Conversion. |
| Count V: | Public disclosure of private facts and invasion of privacy and seclusion. |
| Count VI: | Negligence. |
| Count VIII: | Unjust enrichment. |

Defendant Endurance has moved to dismiss Plaintiffs' Amended Complaint for lack of personal jurisdiction, failure to state a claim, and lack of standing under Federal Rule 12(b)(6) and 12(b)(1).  Def.'s Mot. to Dismiss [Doc. No. 10].  Defendants Blank, Data Solutions of America, and KMB Statistics have not yet appeared.

## III.   STANDARD OF REVIEW

Under Rule 12(b)(1), a court must dismiss a cause of action where it "lack[s] subject matter jurisdiction."  FED. R. CIV. P. 12(b)(1).  Standing is an issue of subject matter jurisdiction.  *See Cobb v. Cent. States, Sw. & Se. Areas Pension Fund*, 461 F.3d 632, 635 (5th Cir. 2006).  To establish standing, each plaintiff "must possess a 'direct stake in the outcome' of the case."  *See Hollingsworth v. Perry*, 133 S. Ct. 2652, 2662 (2013) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 44 (1997)).  Plaintiffs must demonstrate:  (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Speculative injuries are insufficient to establish standing.  Plaintiffs cannot manufacture standing "merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending."  *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1151 (2013).

Under Rule 12(b)(6), a court must dismiss a cause of action when a plaintiff  "fail[s] to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Although a court will construe all factual allegations as true in connection with a motion to dismiss, that "tenet . . . is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A "formulaic recitation of the elements" is insufficient to survive a motion to dismiss because "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements," are insufficient.  *Iqbal*, 556 U.S. at 678.  Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555 (citation omitted).

## IV.   ANALYSIS UNDER 12(b)(1)

### A.   Plaintiffs' state-law claims should be dismissed for lack of subject matter jurisdiction.

Plaintiffs' state-law claims (Counts II-VIII) should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.  Article III of the Constitution limits a federal court's subject matter jurisdiction to cases or controversies.  "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*,  133 S. Ct. 1138, 1146 (2013) (internal quotations omitted).  To establish standing, Plaintiffs must establish that (1) they have suffered an injury-in-fact (2) that is fairly traceable to the conduct complained of and (3) the injury is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Plaintiffs "bear[] the burden of showing that [they] ha[ve] standing for each type of relief sought."  *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

Plaintiffs' Amended Complaint does not establish the first element of standing:  an injury-in-fact.  An injury-in-fact  must be "concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical."  *Summers*, 555 at 493.   "The injury must affect the plaintiff in a personal and individual way" and "must be certainly impending . . . . [A]llegations of possible future injury are not sufficient."  *Lujan*, 504 U.S. at 560 n.1;  *see Clapper*, 113 S. Ct. at 1147.

Here, Plaintiffs appear to allege at most, two potential types of injuries: (1) the "injury" of receiving a letter from Endurance, and (2) speculative future injuries. Neither of these alleged injuries is sufficient to confer standing.

It is unclear if Plaintiffs consider the receipt of the letter from Endurance to be the actual injury, or simply a trigger for filing the lawsuit. Regardless, Plaintiffs' receipt of a letter offering an extended warranty is not a cognizable injury. Individuals routinely receive offers in the mail and they are free to ignore them. Plaintiffs have not alleged any injury beyond receiving an unwanted letter.

Plaintiffs also allege speculative injuries connected to unrealized potential for future misconduct by third parties. These injuries fall into four categories: 1) potential exposure to additional risks; 2) resources allegedly spent to mitigate alleged future risks; 3) mental harm and suffering over the potential future misuse of personal information; and 4) injury and damages for "impaired . . . use, value, and quality" of the motor vehicle records. Pls.' Am. Compl. ¶¶ 157, 168, 170-71, 249, 263. None of these alleged categories is sufficient to establish standing.

*1. Exposure.* First, Plaintiffs cannot establish standing by claiming an injury based on the potential exposure to future risks. Plaintiffs allege that their motor vehicle records were "more than likely" transmitted between "Defendants and other third parties" through electronic communications without encryption. Pls.' Am. Compl. ¶ 170. Plaintiffs further allege that, assuming their motor vehicle records were transmitted without encryption, Plaintiffs may have been exposed to "additional unreasonable risks of the interception of the motor vehicle records." Pls.' Am. Compl. ¶ 170. However, merely alleging an increased risk of personal data misuse is insufficient to establish standing. *Clapper*, 133 S. Ct. at 1150 ("speculation about the decisions

of independent actors" does not give rise to standing).  Thus, Plaintiffs' allegation of a risk of

interception of the motor vehicle records is not an actual injury sufficient to establish standing.

   *2. Mitigation*.  Plaintiffs cannot manufacture standing by expending resources to mitigate

hypothetical risks of future harm.  *See Clapper*, 133 S. Ct. at 1143, 1151.  Specifically, Plaintiffs

allege that their injuries include the loss of personal and business time spent reviewing

correspondence, investigating potential claims, contacting their car dealership, and "rectifying

the consequences of Defendants' conduct."  Pls.' Am. Compl. ¶ 168.  Plaintiffs also allege that

they have incurred  "expenses for securing their motor vehicle records from another similar

invasion of privacy. . . [and] costs associated with re-securing the data."  Pls.' Am. Compl. ¶ 263.

Plaintiffs, however, "cannot manufacture standing by choosing to make expenditures based on

hypothetical future harm that is not certainly impending."  *Clapper*, 133 S. Ct. at 1143.  Plaintiffs

have not alleged that any future harm is certainly impending.  Thus, Plaintiffs' attempts to

investigate and mitigate any hypothetical future risks are not sufficient to create standing.  *Id.*

   *3. Mental anguish*.  Plaintiffs cannot establish standing based on their claim that

"Defendants' conduct caused outrage, mental suffering, and harm to Plaintiffs' and Class

Members' privacy and safety expectations."  Pls.' Am. Compl. ¶ 157.  Plaintiffs' alleged mental

anguish is premised on the speculative and attenuated risk that at some point in the future an

unknown and unnamed party might obtain access to their motor vehicle records and potentially

use the information for an unlawful purpose.  Because Plaintiffs' mental injuries are based on

speculation, they are insufficient to establish standing.  *See Clapper*, 133 S. Ct. at 1151

(holding that injuries "based on [plaintiffs'] fears of hypothetical future harm" do not establish

standing).

*4. Diminished value of personal information.*  Plaintiffs likewise fail to establish standing based on the allegation that they might be unable in the future to sell their personal information, alleging "impaired . . . use, value, and quality" of the motor vehicle records.  Pls.' Am. Compl. ¶ 249.  The diminished value of personally identifiable information is not sufficient to confer standing.  *See Yunker v. Pandora Media, Inc.*, No. 11-CV-03113 JSW, 2013 U.S. Dist. LEXIS 42691, at *10 (N.D. Cal. Mar. 26, 2013).  For example, in *Yunker*, the court held that the plaintiff did not suffer an injury-in-fact based on the alleged diminution in value of the plaintiff's personal identifying information where the plaintiff had failed to allege "that he attempted to sell" his personal identifying information, "that he would do so in the future, or that he was foreclosed from entering into a value for value transaction" relating to his information, as a result of defendant's conduct.  *See id.*  at *12-13.

Similarly, in *Cookie Placement*, the district court held that no injury existed even though "plaintiffs . . . offered some evidence that the online personal information at issue ha[d] some modicum of identifiable value to an individual plaintiff."  *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, No. 12-2358-SLR, 2013 U.S. Dist. LEXIS 145727, at *10-11 (D. Del. Oct. 9, 2013).  The court found that the "plaintiffs [had] not sufficiently alleged that the ability to monetize their [personal identifying information] was diminished or lost by virtue of Google's previous collection of it."  *Id.*[1]

Here, Plaintiffs did not allege that they attempted to sell the motor vehicle information, that they intend to sell the information in the future, or that they have the ability to monetize this

---

[1] CIS notes that in *In re American Airlines, Inc.,* the court permitted a conclusory allegation that personal information had economic value to withstand a Rule 12(b)(6) motion to dismiss.  *In re Am. Airlines, Inc.,* No. 3:04-MD-1627-D, 2005 U.S. Dist. LEXIS 37739, at *1 (N.D. Tex. Dec. 7, 2005).  The weight of recent authority has denied standing based on conclusory allegations of the economic value of personal information, like the ones in *In re American Airlines, Inc.*  And last year the Supreme Court admonished against "improperly water[ing] down the fundamental requirements of Article III" by allowing plaintiffs to manufacture standing based on hypothetical harms.  *See Clapper*, 133 S. Ct. at 1151.

information.  And, in any event, Plaintiffs do not own the state DMV's motor vehicle records.

Plaintiffs are unable to monetize records that they do not own.  Accordingly, Plaintiffs' alleged

injury for the "impaired . . . use, value, and quality" of the motor vehicle records is insufficient to

create standing.

For the above reasons, Plaintiffs have failed to plead an injury-in-fact.  This failure

deprives Plaintiffs of standing to assert Counts II-VIII of their Amended Complaint.  The Court

should therefore dismiss Plaintiffs' claims for lack of subject matter jurisdiction.

## V.    ANALYSIS UNDER 12(b)(6)

As shown above, Plaintiffs' Counts II-VIII should be dismissed under Rule 12(b)(1) for

lack of subject matter jurisdiction.  Alternatively, this Court should dismiss Counts II-VIII under

Rule 12(b)(6) for failure to state claim upon which relief can be granted.  In Section V of this

motion, CIS will demonstrate that Plaintiffs' state law claims must be dismissed under rule

12(b)(6) for the following reasons.

*Privacy claims (Count V).*  In Section V.A below, CIS demonstrates that Plaintiffs'

common law privacy claims should be dismissed for two independent reasons: 1) the information

is not private, and 2) the information does not contain offensive facts and was not obtained in a

highly offensive manner.

*Personal property claims (Counts III, IV, and VII).*  In Section V.B, CIS demonstrates that

Plaintiffs' Counts III, IV, and VII, premised on personal-property claims, should be dismissed

because the information is not personal property and it is not subject to exclusive control.

*Negligence (Count VI).*  In Section V.C, CIS demonstrates that Plaintiffs' negligence

claim should be dismissed because there is no common law duty to "safeguard and protect" their

name, address, and vehicle information.

*Unjust Enrichment (Count VIII).* In Section V.D, CIS demonstrates that Plaintiffs' unjust enrichment claim should be dismissed because it is not an independent cause of action and Plaintiffs never expected CIS to compensate Plaintiffs for the use of the information contained in the motor vehicle records.

*Claim under state statutes (Count II).* In Section V.E, CIS demonstrates that Plaintiffs cannot bring claims under the Texas and Florida statutes regulating the disclosure of motor vehicle information because these statutes do not provide for a private cause of action.

A.   **Plaintiffs' common-law privacy claims (Count V) should be dismissed for failure to state a claim because Plaintiffs cannot establish the information is private, contains offensive information, or was obtained in an offensive manner.**

1.   **Plaintiffs' common-law privacy claims (Count V) should be dismissed because the information is not private.**

Plaintiffs assert common-law privacy torts for the alleged use and disclosure of information that, as a matter of law, is not private. Under Count V, Plaintiffs have brought two common-law privacy claims: (1) public disclosure of private facts, and (2) invasion of privacy and seclusion. Both claims hinge on Plaintiffs' assertion that the information included in motor vehicle records is private. Pls.' Am. Compl. ¶ 260. The information that Plaintiffs assert is private is their name, address, and information about their vehicle, such as its make, model, year, VIN, vehicle type, and license plate number. Pls.' Am. Compl. at ¶ 7. But this information is not considered private under common law and is in fact widely available from public sources and from the individuals themselves, who routinely share this information with strangers. Thus, the Court should dismiss Plaintiffs' Count V claims.

Both causes of action—public disclosure of private facts and invasion of privacy and seclusion—require an element of privacy. To support a public disclosure of private facts claim, Plaintiffs must establish: "1) the publication, 2) of ***private*** facts, 3) that are offensive and 4) are

---

not of public concern." *Doe v. Univision TV Group*, 717 So. 2d 63, 64 (Fla. Dist. Ct. App. 1998) (emphasis added); s*ee also Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473-74 (Tex. 1995). Similarly, Plaintiffs' invasion of privacy and seclusion claim (also referred to as "intrusion") requires an intrusion into a person's private affairs or place: 1) an intrusion into a ***private*** place or into another's ***private*** affairs 2) which would be highly offensive to a reasonable person. *See* Pls.' Am. Compl. at ¶ 258; *Allstate Ins. Co. v. Ginsberg*, 863 So. 2d 156, 162 (Fla. 2003); *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993). Plaintiffs make conclusory allegations that the contents of their motor vehicle records—name, address, and motor vehicle information—are private. Pls.' Am. Compl. ¶ 260. Plaintiffs further make the conclusory allegation that "reasonable people ordinarily understand" such information to be private, especially when stored with State Motor Vehicle Departments. *Id*.

Plaintiffs cannot rest on their conclusory allegations that the information is private. Rather, to bring these common-law privacy torts, Plaintiffs must be able to establish a "reasonable expectation of privacy." *Allstate Ins. Co. v. Ginsberg*, 863 So. 2d 156, 162 (Fla. 2003) (finding that the invasion of privacy tort requires a "reasonable expectation of privacy"); *Aquino*, 853 S.W.2d at 513. Plaintiffs have not alleged any facts establishing that they have a reasonable expectation of privacy. To the contrary, as a matter of law, Plaintiffs do not have a reasonable expectation of privacy in the information allegedly disclosed by the Defendants. Courts have long recognized that "the information found in motor vehicle records is not the sort of information to which individuals have a reasonable expectation of privacy." *Condon v. Reno*, 155 F.3d 453, 465 (4th Cir. 1998), *rev'd on other grounds sub nom, Reno v. Condon*, 528 U.S. 141 (2000); s*ee also McDonough v. Al's Auto Sales, In*c., No. 13-1889(DSD/FLN), 2014 U.S. Dist. LEXIS 21847, at *14-16 (D. Minn. Feb. 21, 2014) (finding no objectively reasonable

expectation of privacy in motor vehicle records).  Simply put, the publicly accessible data contained in motor vehicle records is not the type of information protected by the privacy torts. The Fifth Circuit has held that gathering publicly accessible information cannot be considered an invasion of privacy.  *See Wehling v. Columbia Broad. Sys.*, 721 F.2d 506, 509 (5th Cir. 1983) (dismissing constitutional invasion of privacy claim where broadcast showed information gathered from public street view).

There are several reasons for why individuals have no reasonable expectation of privacy over their name, address, and motor vehicle information contained in a motor vehicle record. First, motor vehicle records themselves are public and accessible, and even personal information in them, such as name and address, can be disclosed to persons possessing a permissible use, as the DPPA expressly provides.  *See* 18 U.S.C. § 2721.  Second, individuals regularly provide this information to strangers.   "For instance, a State-issued driver's license is often needed to cash a check, use a credit card, board an airplane, or purchase alcohol."  *Condon*, 155 F.3d at 465. Motor vehicle information is also regularly provided to car dealerships and automotive repair service centers.  Plaintiffs cannot maintain a privacy right in "information routinely shared with strangers."  *Id*.

Third, because individuals routinely provide their name, address, and vehicle information to government agencies, businesses, and other individuals, it is not surprising that this information is available from a variety of publicly available sources.  Hundreds of organizations and individuals already possess and can readily access individuals' names, addresses, and motor vehicle information from either the state motor vehicle departments, or a host of other public records and business sources that are free to collect information about people and motor vehicles. Indeed, "[t]he identical information can be obtained from public property tax records." *Id*.

(holding that, as a result, an individual does not have a reasonable expectation that the information contained in motor vehicle records is confidential).  In fact, the Texas DMV website concedes that information about individuals and their vehicles is available from other, unregulated sources, such as dealers and auto service companies, advising the public to "be aware that other businesses may collect and sell information on you and your vehicle. Generally, these are motor vehicle-related businesses that capture information in their computer systems. These businesses are not covered under the federal and state privacy protection laws." *Driver's Privacy Protection Act (DPPA)*, Texas Department of Motor Vehicles (Apr. 2, 2014), http://txdmv.gov/drivers-privacy-protection-act.

In sum, individuals have no reasonable expectation of privacy over the information alleged to have been disclosed, and Plaintiffs' conclusory allegations to the contrary are insufficient to protect their claims from dismissal.  Because Plaintiffs cannot establish the privacy element of their common-law privacy claims, Plaintiffs' Count V must be dismissed for failure to state a claim.

> **2.**    **Plaintiffs' common-law privacy claims (Count V) should be dismissed because Plaintiffs are unable to establish that the information contains offensive facts or was obtained in a highly offensive manner.**

As shown above, Plaintiffs' common-law privacy claims should be dismissed because the information at issue is not private.  But there is an additional reason to dismiss these claims: Plaintiffs cannot establish that the information contains offensive facts or that that the Defendants intruded into a private place in a manner that would be highly offensive.  For a public disclosure of private facts claim, Plaintiffs must establish that the facts are not just private, but offensive: "1) the publication, 2) of private facts, 3) that are ***offensive*** . . . ." *Univision*, 717

So. 2d at 64 (emphasis added); s*ee also Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473-74 (Tex. 1995).

An intrusion claim similarly requires the concept of offensiveness, by requiring an intrusion into a private place which would be ***highly offensive*** to a reasonable person.  *See* Pls.' Am. Compl. ¶ 258; *Aquino*, 853 S.W.2d at 513.  To evaluate offensiveness, courts consider whether a "reasonable person of ordinary sensibilities" would find the act "highly offensive." *See, e.g., Star-Telegram,* 915 S.W.2d at 473-74.

Examples of offensive acts include: videotaping activity in the bedroom, wire-tapping a telephone line, or publicly disclosing medical information.  *See, e.g., Doe v. Univision TV Group*, 717 So. 2d 63, 64 (Fla. Dist. Ct. App. 1998); *Billings v. Atkinson*, 489 S.W.2d 858 (Tex. 1973); *Clayton v. Richards*, 47 S.W.3d 149 (Tex. App.—Texarkana 2001, pet. denied).  The use or disclosure of Plaintiffs' names, addresses, and motor vehicle information is not analogous to the highly offensive actions that give rise to an intrusion claim.  Indeed, "[n]o reasonable person could find that the alleged access of such information meets the 'highly offensive' threshold." *McDonough v. Al's Auto Sales, Inc.*, No. 13-1889, 2014 U.S. Dist. LEXIS 21847, at *21 (D. Minn. Feb. 21, 2014) (finding that no reasonable person could find that alleged access to "address, photograph, date of birth, weight, height, eye color, and driver identification number" was highly offensive).  Thus, even if Plaintiffs were able to establish that their names, address, and information about their cars were private, they would still fail to assert a viable claim because this information does not contain offensive facts, nor does disclosing it involve a "highly offensive" intrusion into Plaintiffs' privacy.  The Court should therefore dismiss Count V of Plaintiffs' Amended Complaint.

**B.    Plaintiffs' claims premised on a property interest (Counts III, IV, and VII) should be dismissed for failure to state a claim because the information is not personal property and is not subject to exclusive control.**

Plaintiffs have asserted three claims—breach of bailment (Count III), conversion (Count IV), and trespass to chattels (Count VII)—on the incorrect legal premise that Plaintiffs' names, addresses, and vehicle information are personal property over which CIS has exclusive control. These claims must be dismissed because this information is not Plaintiffs' property and because CIS does not have exclusive control over this information

**1.    Motor vehicle records are not Plaintiffs' property.**

Plaintiffs' common-law claims for breach of bailment (Count III), conversion (Count IV), and trespass to chattels (Count VII) should be dismissed because Plaintiffs do not have a property interest in the motor vehicle records, as required to sustain each of these claims.

The existence of personal property is an element for each of these claims:

- *Breach of bailment.*  Breach of bailment requires the "delivery of personal property." *Smith v. Radam, Inc.*, 51 S.W.3d 413, 417 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (stating that the first element of bailment is "the delivery of personal property from one person to another for a specific purpose"). *See Monroe Sys. for Bus. v. Intertrans Corp.*, 650 So. 2d 72, 75-76 (Fla. Dist. Ct. App. 1994) (defining bailment as delivery of personal property for a particular purpose).

- *Conversion.*  Conversion requires CIS to have deprived Plaintiffs of control of "specific[ally] identifi[able]" personal property. *Williams Mgmt. Enters. v. Buonauro*, 489 So. 2d 160, 161-62 (Fla. Dist. Ct. App. 1986) ("Conversion is the name of an act of dominion wrongfully asserted over, and inconsistent with, another's possessory rights in personal property" that is subject to "specific identification."); *see also Robin Singh Educ. Servs. v. Test Masters Educ. Servs.*, 401 S.W.3d 95, 97-98 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (explaining that "under Texas law, a tort action for conversion is limited to tangible property").

- *Trespass to personal chattels.*  Trespass to chattels requires interference with property.  *Burshan v. Nat'l Union Fire Ins. Co.*, 805 So. 2d 835, 846 (Fla. Dist. Ct. App. 2001) ("Trespass to personal property is the intentional use of, or interference with, a chattel which is in the possession of another, without justification."); *Carpenter v. Carpenter*, No. 02-11-00266-CV, 2012 Tex. App.

LEXIS 5322, at *12 (Tex. App.—Fort Worth July 5, 2012, pet. denied) ("Like conversion, the tort of trespass protects against interference with one's possessory interest in personal property.").

Plaintiffs' claims for bailment, conversion, and trespass to chattels all fail because motor vehicle records and the information contained in them are not Plaintiffs' personal property. To begin with, Plaintiffs do not own the DMV's motor vehicle records; the state does. Moreover, numerous courts, including the Fifth Circuit, have found no property interest in government records or the personal information contained in the records. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (no constitutional "property" interest implicated in publication of government subpoena materials to third party); s*ee also Lambert v. Hartman*, 517 F.3d 433, 445 (6th Cir. 2008) (rejecting the plaintiff's claim that the county's "disclosure of her Social Security number implicated her 'fundamental right to property,'" because she failed to demonstrate "that she had a constitutionally protectable property interest in her personal information" (internal citations omitted)). Accordingly, Plaintiffs' personal information contained in the DMV records was not Plaintiffs' property and they have no viable causes of action for bailment, conversion, or trespass to chattels for the alleged disclosure or use of this information.

> **2.     Plaintiffs' claims for breach of bailment, conversion, and trespass to chattels also fail because CIS did not have exclusive control of the data.**

Plaintiffs' claims for breach of bailment (Count III), conversion (Count IV), and trespass to chattels (Count VII) fail for a second independent reason: Plaintiffs have not alleged that CIS at any time took exclusive control or possession of the data contained in the motor vehicle records.

Each of Plaintiffs' three personal property claims requires that the defendant exercise exclusive control over the alleged personal property:

- *Breach of Bailment.* A breach of bailment claim requires that delivery of the item to the bailee must give the bailee "sole custody and control" of the property. *Underwriters at Lloyds Subscribing to Cover Note MC-1151 v. FedEx Truckload Brokerage, Inc.*, No. 09-21892-CIV-GOLD/MCALILEY, 2010 U.S. Dist. LEXIS 67881, at *20-22 (S.D. Fla. July 7, 2010) (finding no bailment where there was insufficient evidence that defendant had exclusive possession of cargo); *see also Sisters of Charity of the Incarnate Word v. Meaux*, 122 S.W.3d 428, 433 (Tex. App.—Beaumont, 2003, pet. denied) (finding no bailment where lessor of lockers had "no semblance of custody, possession or control" over high-value contents of individual lessee's locker).

- *Conversion.* Similarly, a conversion claim requires that the rightful owner have been wrongfully deprived of control of the property because of the defendant's exercise of exclusive control. *Santilli v. Cardone*, No. 8:07-cv-308-T-23MSS, 2008 U.S. Dist. LEXIS 88668, at *8 (M.D. Fla. Oct. 7, 2008) (finding no conversion because copyright infringement fails to "deprive the plaintiff of his property"); *Robinson v. Nat'l Autotech, Inc.*, 117 S.W.3d 37, 39-41 (Tex. App.—Dallas 2003, pet. denied) (finding no conversion because no evidence that defendant "exercise[d] dominion or control" over the plaintiffs' tools left in garage).

- *Trespass to chattels.* Trespass to chattels requires interference with a property interest. *Burshan v. Nat'l Union Fire Ins. Co.*, 805 So. 2d 835, 846 (Fla. Dist. Ct. App. 2001) ) ("Trespass to personal property is the intentional use of, or interference with, a chattel which is in the possession of another, without justification."); *Milbank v. Simons (In re Simons Broad., LP)*, No. W-11-CA-172, 2013 U.S. Dist. LEXIS 165941, at *55-56 (W.D. Tex. Nov. 19, 2013) ("Liability does not attach, unless the wrongful detention is accompanied by actual damage to the property or deprives the owner of its use for a substantial period of time.").

Plaintiffs have failed to allege that CIS has exclusive control over Plaintiffs' personal information contained in motor vehicles. Nor could they. This type of personal information is not subject to the types of control contemplated by Plaintiffs' causes of action. *See Galper v. JPMorgan Chase, N.A.*, No. 13 Civ. 3449, 2014 U.S. Dist. LEXIS 35897, at *19-20 (S.D.N.Y. Mar. 14, 2014) (comparing the use of personal information to copying computer files and noting that neither act is subject to a claim for conversion because a "plaintiff still could use the data"). At a minimum, Plaintiffs and the applicable state motor vehicle department maintain simultaneous, nonexclusive control over the information. Because the data included in motor

vehicle records (names, addresses, vehicle type, etc.) is not subject to exclusive control by any one party, Plaintiffs' claims for breach of bailment (Count III), conversion (Count IV), and trespass to chattels (Count VII) fail to state a claim and should be dismissed.

**C.    Plaintiffs' negligence claim should be dismissed because there is no common-law duty to "safeguard and protect" their name, address, and vehicle information.**

Plaintiffs are unable to establish the duty element of their negligence claim (Count VI) under either Texas or Florida law.  In Texas, the elements of a negligence claim are: "(1) a legal duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *West v. SMG*, 318 S.W.3d 430, 437 (Tex. App.— Houston [1st Dist.] 2010, no pet.) (internal citations omitted) (not designated for publication). Similarly, in Florida, the elements of a negligence claim are duty, breach, causation, and actual damage. *Jackson Hewitt, Inc. v. Kaman*, 100 So. 3d 19, 27-28 (Fla. Dist. Ct. App. Dist. 2011).

In both Texas and Florida, "the duty element of negligence is a threshold legal question; if no legal duty exists, then no action for negligence may lie." *Jackson*, 100 So. 3d at 28; s*ee also Graff v. Beard*, 858 S.W.2d 918, 919 (Tex. 1993); *West*, 318 S.W.3d at 436.  Despite Plaintiffs' allegations, no Texas or Florida court has recognized a common law duty  "to exercise reasonable care in safeguarding and protecting . . . motor vehicle records" or "to protect Plaintiffs' and Class Members' personal information, privacy, and security" in this context.  Pls.' Am. Compl. ¶¶ 273-74, 276.  Thus, Plaintiffs' Count VI negligence claim fails to state a claim upon which relief can be granted.

**D.    Plaintiffs' unjust enrichment claim should be dismissed because it is not an independent cause of action and there was never an expectation that CIS would compensate plaintiffs for use of the motor vehicle records.**

Plaintiffs' unjust enrichment claim should be dismissed for two reasons.

First, Texas law does not recognize unjust enrichment as an independent cause of action. *See e.g., Hancock v. Chi. Title Ins. Co.*, 635 F. Supp. 2d 539, 560-61 (N.D. Tex. 2009) (dismissing cause of action for unjust enrichment because Texas jurisprudence recognizes unjust enrichment as a theory of restitution, not an independent cause of action). Unjust enrichment is a remedy, not a cause of action, and Count VIII should be dismissed for that reason.

Second, the unjust enrichment claim should be dismissed because, regardless of whether it is a cause of action or a remedy, Plaintiffs have not alleged facts sufficient to establish unjust enrichment. Unjust enrichment requires a party to have inequitably or through undue advantage secured a benefit owed to another. *See Villarreal v. Grant Geophysical, Inc*., 136 S.W.3d 265, 270 (Tex. App.—San Antonio 2004, pet. denied) (defendants "did not wrongfully secure a benefit nor did they passively receive one which would be unconscionable to retain"); *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank, N.A.*, 667 So. 2d 876, 879 (Fla. Dist. Ct. App. 1996) (plaintiff failed to show three elements: (1) conferring benefit, (2) defendant accepting benefit, and (3) inequitable circumstances justifying repayment). Here, Plaintiffs have failed to allege that Defendants secured a benefit owed to another. Plaintiffs cannot make such a claim when the DMV motor vehicle records belong to the state and can be obtained for many permissible purposes, nor when the plaintiffs lack a cognizable property interest in the personal information. *See* Section V.B. Plaintiffs would never be owed benefits from these records, let alone owed benefits from CIS, because there was no implied contract to pay. *See Banks Real Estate Corp. v. Gordon*, 353 So. 2d 859, 860-61 (Fla. Dist. Ct. App. 1977) (requiring a showing of "the existence of an implied contract to pay" for services or benefits received before allowing recovery under unjust enrichment); *Berger Eng'g Co. v. Village Casuals, Inc.*, 576 S.W.2d 649, 652 (Tex. App.—Beaumont 1978, no writ) ("[T]here must exist between the parties an

implication that the party [providing the benefits] would be paid by the party accepting . . .

them.").  Plaintiffs have not alleged any facts that would support a finding that CIS had an

implied contract or otherwise agreed to compensate Plaintiffs for use of the motor vehicle

records.  Pls.' Am. Compl. ¶ 296-303.  Accordingly, even if the Court were inclined to find that

the Plaintiffs' unjust enrichment claims constitute a cause of action, rather than just a remedy,

the Court should still dismiss Count VIII for failure to state a claim.

> ### E.    Plaintiffs' state statutory claims should be dismissed because the statutes do not provide for a private cause of action.

Plaintiffs' state statutory claims (Count II) fail to state a claim because the statutes at

issue do not provide for a private cause of action.  Count II of Plaintiffs' Amended Complaint

alleges that Defendants violated motor vehicle records statutes in Texas and Florida.  Pls.' Am.

Compl. ¶ 260.[2]  But these claims fail to state a claim upon which relief can be granted because

neither the Texas statute nor the Florida statute provides for a private cause of action.  *See* FLA.

STAT. § 119.07; FLA. STAT. § 119.0712 (2); TEX. TRANSP. CODE § 730.001-730.016.

Plaintiffs have argued, in response to co-defendant Endurance's Motion to Dismiss, that

the statutes provide for an implied private cause of action based in equity.  Pls.' Reply Mem., at

26 [Doc. No. 20].  Plaintiffs are wrong.  Where the statutory language is silent, in both Florida

and Texas, courts attempt to determine whether an implied private cause of action exists.

*Horowitz v. Plantation Gen. Hosp. Ltd. P'ship*, 959 So. 2d 176, 182 (Fla. 2007) ("Whether a

statutory cause of action should be judicially implied is a question of legislative intent."); *Brown

v. De La Cruz*, 156 S.W.3d 560, 563 (Tex. 2004) ("When a private cause of action is alleged to

derive from a constitutional or statutory provision, our duty is to ascertain the drafters' intent.").

---

[2] Although Plaintiffs allege violations of fifty state laws, the motor vehicle records disclosure statutes in Texas and Florida are the only state statutes applicable to named Plaintiffs and, thus, are the only statutes addressed in this Motion.

In *Horowitz*, the Florida Supreme Court found no legislative intent for a private cause of action when "the text, context, and purpose of the relevant provisions" evidenced a regulatory scheme, not a mechanism for private enforcement.  *See Horowitz*, 969 So. 2d at 185.  Likewise, in *Brown*, the Texas Supreme Court used "legislative silence" to exclude implied causes of action under the property code.  *See Brown*, 156 S.W.3d at 565-68.

There is no reason to judicially imply a private cause of action under either the Texas or Florida statute.  First, neither the structure nor the context of the statutes contemplates private enforcement; rather the statutory language is directed at agency responsibilities and purchaser obligations.  FLA. STAT. § 119.07; FLA. STAT. § 119.0712 (2); TEX. TRANSP. CODE § 730.001-730.016.  Second, the purpose outlined by both statutes indicates that these laws are intended to implement and conform state law to the federal Driver's Privacy Protection Act. FLA.STAT. §119.0712 (2)(d); TEX. TRANSP. CODE § 730.002.  The Texas statute expressly provides for criminal misdemeanor offenses but gives no private cause of action.  *See* TEX. TRANSP. CODE §§730.013(d), 730.015.  The statute "must be strictly construed, and may be asserted in a private cause of action only if the statute clearly so provides."  *Brown*, 156 S.W.3d at 565.  Since neither the Texas nor the Florida statute expressly provides a private cause of action, and there is no indication of a clear intention to do so, no private cause of action should be implied.  Accordingly, the Court should dismiss Count II of Plaintiffs' Amended Complaint.

## VI.    CONCLUSION

The Court should grant CIS's Motion to Dismiss Counts II-VIII of Plaintiffs' Second Amended Complaint for the following reasons:

1. Plaintiffs' state-law claims (Counts II-VIII) should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiffs are unable to establish standing.

2. Plaintiffs' state-law claims (Counts II-VIII) should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  The Court should dismiss each claim for the following reasons:

- The Court should dismiss Plaintiffs' common-law privacy claims (Count V) because the information contained in motor vehicle records is not private, does not contain offensive facts, and was not obtained in a highly offensive manner.

- The Court should dismiss Plaintiffs' personal property claims (Counts III, IV, and VII) because the information is not personal property and it is not subject to exclusive control.

- The Court should dismiss Plaintiffs' negligence claim (Count VI) because there is no common-law duty to "safeguard and protect" their name, address, and vehicle information.

- The Court should dismiss Plaintiffs' unjust enrichment claim (Count VIII) because it is not an independent cause of action and Plaintiffs never expected that CIS would compensate Plaintiffs for use of the motor vehicle records.

- The Court should dismiss Plaintiffs' claims under the state statutes (Count II) because these statutes do not provide for a private cause of action.

Respectfully submitted,


/s/ Basheer  Ghorayeb
Basheer Y. Ghorayeb
Texas State Bar No. 24027392
bghorayeb@jonesday.com
Dionna J.A. Little
Texas State Bar No. 24070154
djlittle@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone:  214-220-3939
Facsimile:  214-969-5100

**ATTORNEYS FOR DEFENDANT COMPACT INFORMATION SYSTEMS, INC.**

DLI 6477844

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on April 4, 2014, I electronically filed the foregoing with the Clerk of Court

for using the Court's CM/ECF system, which sent notice of such filing to all counsel of record.


*/s/ Basheer  Ghorayeb*_____
Basheer Y. Ghorayeb