IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANE DOE, *Individually, and on behalf of a themselves and all others similarly situated individuals*, TOBY CROSS, *Individually and on behalf of a themselves and all others similarly situated individuals*, and ARTHUR LOPEZ,<br>　　　　Plaintiffs,<br><br>v.<br><br>COMPACT INFORMATION SYSTEMS, INC., *a Washington Corporation*, DATA SOLUTIONS, OF AMERICA, INC., *a Florida Corporation*, ELIZABETH M. BLANK, *a Florida Individual*, ENDURANCE WARRANTY SERVICES, *a Illinois Corporation*, KMB STATISTICS, LLC, *a Florida Corporation*, and DOE INDIVIDUALS AND CORPORATIONS 1-100 INCLUSIVE,<br>　　　　Defendants. | Civil Action No. 3:13-CV-5013-M |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to the order of reference dated April 15, 2014 (doc. 35), this case was referred for pretrial management. Based on the relevant filings and applicable law, defendant KMB Statistics, LLC's defenses should be **STRICKEN,** and the Court should find it to be in default.

**I. BACKGROUND**

On December 27, 2013, the plaintiffs (Plaintiffs), filed this case against numerous defendants, including KMB Statistics LLC (Defendant). (*See* doc. 1.) After obtaining several extensions of time, the plaintiffs ultimately served Defendant, and it filed an answer on January 30, 2015 (doc. 96). After the individual defendant who owned Defendant filed a voluntary petition for bankruptcy relief, the parties agreed that the case should be stayed because Defendant was the only other remaining defendant in this case. (*See* doc. 155.) After the conclusion of the bankruptcy case, the plaintiffs

moved to reopen the case. (*See* doc. 156.) Defendant's counsel subsequently moved to withdraw, contending that it was a defunct entity that was dissolved on September 27, 2013, and that its president was no longer a party to the action due to a bankruptcy discharge. (*See* doc. 160.) The motion was granted by order dated January 31, 2017. (*See* doc. 161.) By separate order also dated January 31, 2017, it was noted that the motion did not reflect that substitute counsel has been retained to represent the corporate defendant. (*See* doc. 162.) It also stated:

> The corporate defendant is granted thirty days from the date of this order to obtain counsel. If new counsel has not entered an appearance on behalf of the corporate defendant within that time, its claims and/or defenses may be stricken without further notice, and the court may conduct further proceedings in accordance with the law, including but not limited to, entry of an order of dismissal, default, and/or default judgment.

(*Id.*) More than thirty days since the date of the order have passed, and no counsel has entered an appearance on behalf of Defendant.

## II. ANALYSIS

In the federal courts of the United States, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. It is well-established that although individuals have the right to represent themselves or proceed *pro se* under this statute, corporations are fictional legal persons who can only be represented by licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004) (*per curiam*) (citing *Rowland* and *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (*per curiam*)); *Southwest Express Co., Inc. v. Interstate Commerce Commission,* 670 F.2d 53, 54-56 (5th Cir. 1982). "This is so even when the person seeking to represent the corporation is its president and major stockholder." *In re K.M.A., Inc.,* 652 F.2d 398, 399 (5th Cir. 1981) (citation omitted). When a corporation declines to hire counsel to represent it, the court may dismiss its claims

if it is a plaintiff, or strike its defenses if it is a defendant. *See Donovan,* 736 F.2d at 1005.

The rationale for this long-standing rule applies equally to "all artificial entities", such as partnerships and associations. *Rowland*, 506 U.S. at 202. As a cross between a corporation and a partnership, a limited liability company is also an artificial entity that may only appear in federal court through licensed counsel. *See U.S. v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008)*; Lattanzio v. COMTA,* 481 F.3d 137, 140 (2d Cir. 2007) (*per curiam*); *Roscoe v. U.S.*, 134 F. App'x 226, 227 (10th Cir. 2005); *see also Lan Wu v. Frost Nat. Bank*, 3:12-CV-772-M, 2012 WL 1549515 (N.D. Tex. Apr. 5, 2012); *Walker v. Allianz Life Ins. Co.*, 3:08-CV-2051-M, 2009 WL 1883418, at *3 (N.D. Tex. June 30, 2009).

Here, Defendant and its owner have been specifically advised that a corporate defendant may only be represented by licensed counsel, and that the lack of an entry of appearance by counsel on Defendant's behalf within thirty days would result in a recommendation that its defenses be stricken and that further proceedings be conducted in accordance with the law, including but not limited to, entry of an order of default and/or default judgment. No attorney has entered an appearance on behalf of Defendant in this case.

### III.  RECOMMENDATION

The Court should strike Defendant's defenses, find it to be in default, and advise the plaintiffs that they are entitled to move for default judgment against it, unless licensed counsel enters an appearance on its behalf within the fourteen-day time for filing objections to this recommendation.

**SO RECOMMENDED on this 14th day of July, 2017.**

                                                  IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                  IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE